**GREAT LAKES AUTO INS. GROUP OF CHICAGO, ILL. v. SHEPHERD et al.**

Civ. No. 458.

United States District Court
W. D. Arkansas, Hot Springs Division.

Feb. 3, 1951.

Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for plaintiff.

H. W. McMillan, Arkadelphia, Ark., for defendants Shepherd and Dinkelspiel—who are cross-claimants on cross-claim.

Paul M. Lynch and Pryor, Pryor & Dobbs, all of Fort Smith, Ark., for defendants Kracow and Gerber—cross-defendants.

JOHN E. MILLER, District Judge.

Plaintiff filed its complaint November 16, 1950, setting forth a civil action of interpleader under Section 1335 of 28 U.S.C.A. It appears from the allegations of the complaint that:

Defendant, Roland Shepherd, is a citizen of Arkansas. Defendants, Kracow and Gerber, are citizens of Illinois. (Residence is alleged, but the court will treat the allegations as meaning citizenship, since it appears that this was intended and is in accordance with the true facts.) On April 5, 1950, plaintiff issued a policy of insurance in which Broadway Car Company was named as assured, insuring a 1950 Cadillac automobile and a 1950 Chevrolet automobile against collision loss, subject to a fifty dollar deductible clause on each car. The Ace Insurance Agency, Chicago, Illinois, agent for plaintiff, advised the defendant, Roland Shepherd, that the policy covered any interest which the latter might have in the automobiles. While en route from Chicago, Illinois, to Arkadelphia, Arkansas, the automobiles were involved in a collision near Neelyville, Missouri, resulting in total damage to both in the sum of $2818.79, which, less the $50.00 deductible provision on each automobile, resulted in total liability under the policy in the sum of $2718.79. The defendant, Roland Shepherd, has filed a suit in the Circuit Court of Clark County, Arkansas, against the plaintiff to recover the proceeds of said policy. Defendant, Leon Dinkelspiel, as Trustee in Bankruptcy for Roland Shepherd, is claiming the proceeds for the benefit of the bankrupt's estate and the creditors of the bankrupt. And, plaintiff alleges that defendants, Kracow and Gerber, d/b/a Broadway Car Company, claim the proceeds and have filed suit against Roland Shepherd in Municipal Court of Chicago, Illinois, and summoned plaintiff as garnishee, and are threatening to bring a suit against plaintiff directly for the proceeds. Plaintiff admits that it is liable in the sum of $2718.79 and has deposited that sum in the registry of the Court, pending the adjudication by this court of the adverse claims of defendants. Plaintiff prays that it be discharged from further liability; that it have its costs and a reasonable attorney's fee; and that the defendants be restrained from instituting or proceeding with any action against plaintiff involving said policy of insurance.

Defendants, Shepherd and Dinkelspiel, filed answer alleging that the said policy of insurance was purchased and paid for by Shepherd, and if he was not named as assured that the policy should be reformed to this effect and that said Shepherd is entitled to the proceeds of the policy. Also, the resident defendants have filed a cross-claim against the other defendants, Kracow and Gerber, in which it is alleged that Shepherd from time to time purchased from Broadway Car Company sundry automobiles; that through error he paid Broadway Car Company twice for a certain Chevrolet Pickup, for which said defendants, Shepherd and Dinkelspiel, are entitled to be reimbursed in the sum of the overpayment, $1150.00; that on July 1, 1950, defendants, Kracow and Gerber, wrongfully took three automobiles of the value of $4650.00 from Shepherd's lot in Arkadelphia and converted them to their own use, and by reason of the alleged overpayment and conversion, defendants, Shepherd and Dinkelspiel, are entitled to recover $5800.00 from said cross-defendants.

On January 17, 1951, defendants, Kracow and Gerber, filed motion to dismiss the cross-claim, alleging that (1) the court does not have jurisdiction over the subject matter of the cross-claim; (2) that the court does not have jurisdiction over the person

of Kracow or Gerber; and (3) that service of process upon the cross-defendants is insufficient. In their statement in support of the motion cross-defendants state: "Service was had upon the Broadway Car Company in Illinois under the Federal interpleader statute. They have defaulted purposely and intentionally concerning the interpleader action, because the Broadway Car Company does not claim any right to the proceeds of the policy or the funds deposited with the court." The substance of their contention is that the court does not have jurisdiction of the person of said cross-defendants for purposes of the cross-claim. It appears that said defendants were duly and legally served with process issued on the complaint, and process issued on the cross-claim was served on them in the district and state of their citizenship and residence, Chicago, Illinois.

Defendants, Shepherd and Dinkelspiel, in effect contend that jurisdiction of the person of cross-defendants is present. As the court understands said defendants' position, they contend that the subject matter of the cross-claim arose "out of the transaction or occurrence that is the subject matter * * * of the original action"; that this being so, the cross-claim properly qualifies as such under Rule 13(g), Federal Rules of Civil Procedure, 28 U.S.C.A.; and that the cross-claim may be asserted and adjudicated in the interpleader proceeding, since service of process under the interpleader statute is sufficient to bring cross-defendants into court.

In view of defendants', Kracow and Gerber, default and statement that they make no claim on the proceeds of the insurance policy involved, the only question left in the case is whether the court has jurisdiction to entertain the cross-claim of the defendants, Shepherd and Dinkelspiel, against the non-resident defendants, Kracow and Gerber.

The problem is not readily resolved by an examination of the available decisions on the point. In Bank of Neosho v. Colcord, D.C.W.D.Mo., 8 F.R.D. 621, 623, the defendants in an interpleader action, citizens of Illinois and Oklahoma, had entered into a written contract for the sale of certain ranch property in Oklahoma, by the terms of which claimants Waite, proposed purchasers from Illinois, deposited $5000.00 with plaintiff, disinterested stakeholder, "to apply upon the purchase price consideration upon the final closing of this transaction." The parties failed to consummate the contract and each made demand upon the plaintiff stakeholder for payment of the fund deposited, whereupon plaintiff stakeholder brought the interpleader action in a district which was not the district of the residence of any of defendants. In addition to claiming the fund on deposit claimants Colcord and Hutchinson filed a cross-claim seeking specific performance of the contract under which the fund was deposited. A motion to strike the cross-claim, on the ground that cross-claims between adverse claimants in a strict interpleader proceeding could not be maintained, was overruled by the court. The court held that Rule 13(g) was applicable in an interpleader proceeding and concluded that the cross-claim asserted could properly be maintained as such since there was a direct connection between the subject matter of the original action and that of the cross-claim. And, over the objection of the Illinois claimants that they had entered a limited appearance in the interpleader action and were not subject to the jurisdiction of the court for any other purpose, the court held that it had acquired general jurisdiction of the subject matter and the parties, which enabled it to resolve all issues between the parties including the cross-claim under Rule 13(g). It should be noted that all claimants appeared and asserted their claims against the fund.

In Hagan v. Central Avenue Dairy, Inc., 9 Cir., 180 F.2d 502, an interpleader action filed in the Southern District of California, service was had on one claimant, Central Dairy, in Arizona. It filed no answer and made no appearance in the interpleader action, and the court awarded the sum to the other claimant, Hagan. Hagan, in the meantime, had filed a cross-claim against Central Dairy alleging that the claim grew out of the same contract which was the subject matter of the escrow deposit. Central Dairy appeared specially and objected to the

court's jurisdiction over it with regard to the cross-claim, which objection was upheld and the cross-claim dismissed. On appeal the Court of Appeals affirmed, stating, 180 F.2d at page 503:

"We think the District Court of California did not have personal jurisdiction over the absent non-consenting Arizona corporation except to the extent of that corporation's interest in the escrow fund. That the court had jurisdiction that far is clear from the statute. Furthermore, if Congress had so provided, we think there is no reason why process from the United States District Court could not run country-wide. But Congress has not so provided, generally, and a District Court's power to hear and decide cases involving personal liability of an individual is limited to those served within the state where the court sits. The absentee defendant was not personally before the court here. The court could adjudicate rights in the fund, but could affect no other interest of the absentee.

"It would be a startling conclusion, we think, to give to Rule 13(g) and the Interpleader statute the effect of enlarging the jurisdiction of a court to create rights going beyond those to the fund which is the subject of the interpleader action. Such a construction would go far beyond the situation which called for the Interpleader statute in the first place. Situations of considerable hardship could result. In this case, for instance, suppose Central Dairy to be a Delaware corporation not engaged in business in California. Is it to be held subject to personal liability in the District Court for California because an interpleader plaintiff says it claims an interest in an escrow fund? That would indeed be going pretty far, and we cannot think that any such result was intended by Congress when it passed the Interpleader statute or the Supreme Court when it promulgated the Federal Rules of Civil Procedure."

The Bank of Neosho v. Colcord case, supra, was distinguished, footnote 6, 180 F.2d on page 504, on the ground that in that case the claimant against whom a cross-claim was asserted had already appeared to claim the fund deposited by the stakeholder.

However, the court observed, "But the court in that case gave broader scope to Rule 13(g) than we think proper." Also, it is interesting to note that Hall, District Judge, in a concurring opinion stated: "Nor does the record in this case call upon this court to say, the ingenuity of man being what it is and the Interpleader Statute and Federal Rules of Civil Procedure being as broad as they are, that a situation cannot arise in an interpleader action, or one in the nature of interpleader, where one of the defendant-claimants may or may not lawfully cross-claim therein against another defendant-claimant, or even a third party, concerning benefits or obligations arising out of the terms of the instrument which may be required to be construed in the interpleader suit, or out of the transactions or occurrences relating to such instrument, although such cross-claim as an independent action would fail because the court in which the suit was brought could not obtain personal jurisdiction over the non-resident defendant."

In Coastal Air Lines v. Dockery, 8 Cir., 180 F.2d 874, 877, the Court of Appeals affirmed the action of the lower court in taking jurisdiction to adjudicate a cross-claim, and distinguished the above case on the ground that the out of state defendant "not only interposed no objection to the jurisdiction of the court on the cross-claim, but, by stipulating that the question presented in the cross-claim was before the court for decision, waived any objection it might have raised to the venue of the action on the cross-claim or to the personal jurisdiction of the Arkansas Federal Court over it." It found that the cross-claim was proper under Rule 13(g) since it arose "out of the transaction or occurrence" which was "the subject matter * * * of the original action", and pointed out that a proper cross-claim is ancillary to the principal claim and need not be supported by independent jurisdictional grounds. It is, of course, a matter of speculation what the holding would have been had there been no waiver, and, therefore, in so far as a binding precedent from the Court of Appeals for this Circuit is concerned, the question remains

open. However, the court did quote copiously and with apparent approval from the opinion in Hagan v. Central Avenue Dairy, Inc., supra. See, also, Stitzel-Weller Distillery, Inc., v. Norman, D.C.W.D.Ky., 39 F.Supp. 182.

██ Certain principles involved in the consideration of the question are clear. Unless otherwise provided by statute all process may be served only within the territorial limits of the state in which the district court is held. Rule 4(f), Federal Rules of Civil Procedure. As to civil actions of interpleader there is a statute so providing. Section 2361, 28 U.S.C.A., authorizes service of process in the district where the "claimants reside or may be found". Clearly, therefore, this court acquired jurisdiction of the person of the defendants, Kracow and Gerber, by virtue of the service on them in Illinois, at least for purposes of adjudicating their claim, if any, to the fund deposited in court. Also, it is clear that "Actions under [that section] (interpleader) shall be conducted in accordance with these rules." Rule 22(2), Federal Rules of Civil Procedure. Presumably this would include Rule 13(g). At least it may be said that a proper cross-claim may be considered when the cross-defendant is subject to service in the state where the district court sits or when the cross-defendant submits to the jurisdiction of the court or waives the right to object to the jurisdiction of his or its person. The Court of Appeals for this Circuit has so held, Coastal Air Lines v. Dockery, supra. However, as pointed out above, these cross-defendants have neither submitted nor waived. On the contrary, they have appeared solely to contest the assumption by this court of jurisdiction over their persons for purposes of the cross-claim.

██ Under the factual situation presented by the pleadings, the court believes that the reasoning of the Court of Appeals for the 9th Circuit in Hagan v. Central Avenue Dairy, Inc., supra, is sound, and, accordingly, is of the opinion that the motion to dismiss should be sustained.

The cross-defendants have defaulted and make no claim to the fund deposited in the interpleader action. Under these circumstances, to require them to defend and perhaps subject them to liability on a claim for personal liability on other transactions or occurrences, regardless of whether they arise out of the transaction or occurrence that is the subject matter of the interpleader action, solely because the plaintiff in said action alleges that they claim an interest in the fund on deposit, would be going further than is necessary either for the achievement of the desired ends sought to be accomplished by the interpleader statute or Rule 13(g) on cross-claims, and, in the opinion of the court, further than the congress intended. As it is unnecessary, the court expresses no opinion on the question of whether a proper cross-claim might be adjudicated in the event an out of State cross-defendant appears and asserts a claim to the fund on deposit and it thereby becomes necessary for the court to interpret rights and obligations arising out of transactions or occurrences giving rise to the adverse claims.

Furthermore, even if the court did have jurisdiction of the person of the cross-defendants for purposes of the adjudication of a proper cross-claim, and if all facts alleged be accepted as true and all inferences possible to be drawn from those facts be considered, the court does not believe that this cross-claim sufficiently reveals a claim "arising out of the transaction or occurrence that is the subject matter * * * of the original action".

The learned attorney for the cross-claimants with commendable frankness in his memorandum in opposition to the motion to dismiss states that the cross-claimant, Roland Shepherd, was a used car dealer in Arkadelphia, Arkansas; that in the prosecution of said business he purchased many cars from time to time from Broadway Car Company, or the cross-defendants, Kracow and Gerber; that the business relations between the parties had extended over a period of several months and that the Cadillac and Chevrolet automobiles which the plaintiff insured against loss by collision were two of the cars that were purchased in the course of the general business transactions; and concludes that: "If the court holds that

the purchase of the two cars which were later wrecked is a separate and isolated transaction, then we do not believe that we are in court."

The subject matter of the original interpleader action is the rights and obligations under the insurance policy covering two specific automobiles. And, as the plaintiff admits liability and has deposited the proceeds in court, the amount of which is not in dispute, the question presented by the original interpleader action, as filed, is narrowed to a determination of who is entitled to receive the proceeds. Had the alleged conflicting claims been pressed by the claimants named in the interpleader action, the court would have been called upon to construe the policy. If unambiguous, the matter could have been resolved from an examination of the policy itself; if ambiguous, then surrounding facts which tended to clarify the ambiguous provisions would have been proper. Only in the latter instance could the general transactions between the claimants have been relevant and material. The conflicting and adverse claims anticipated by the plaintiff did not materialize, and the defendants, Shepherd and Dinkelspeil, only are claiming the fund. The defendants, Kracow and Gerber, expressly state that they are not claiming any portion of the fund.

The subject matter of the cross-claim is entirely unrelated to the transaction or occurrence upon which the interpleader action is based. The cross-claim seeks to recover for an alleged overpayment on a specified vehicle, not the Cadillac or Chevrolet insured, and an alleged conversion of three other specified vehicles, likewise not the Cadillac or Chevrolet insured. The general transactions between the parties would be involved in the determination of the cross-claim only as such general transactions were relevant and material to the issues involved, the alleged conversion and overpayment. The insurance policy on the Cadillac and Chevrolet and the rights and obligations thereunder would not enter into a determination of the issues raised by the cross-claim. And, while the general transactions might enter into the cross-

claim, they clearly would not be involved in the original interpleader suit as finally presented to the court. The subject matter of the cross-claim, conversion and overpayment, cannot be said to arise out of the transactions or occurrences forming the subject matter of the original action, issuance, obligation and rights under an insurance policy on two specific automobiles. Under these circumstances, the court is of the opinion that the cross-claim is not a proper one under Rule 13(g).

Under any view of the matter, these claims must be asserted in a separate action which will have to be brought in some court wherein the requirements of jurisdiction of the subject matter and of the defendants can be satisfied.

In accordance with the above an order will be entered sustaining the motion to dismiss the cross-claim against defendants, Kracow and Gerber.