**F. C. GAINES, Jr., et al., Appellees,**

v.

**SUNRAY OIL COMPANY, Appellant.**

**AMTEL, INC., Appellant,**

v.

**E. Paul WILKINSON and J. Howard Marshall, as Individuals and as the Executive Associates, Appellees.**

**Nos. 75–1795, 75–1872.**

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1976.

Decided July 22, 1976.

Robert McHenry, Little Rock, Ark., for appellant Sunray Oil Co.; McHenry, Bryant & Polk, Michael A. Skipper, Little Rock, Ark., on the brief.

David M. Sudbury, Houston, Tex., for appellees F. C. Gaines et al.

Philip S. Anderson and Gus B. Walton, Jr., Little Rock, Ark., for appellees William G. Vandever, F. C. Gaines, Jr., Frank Weatherman, Miles Carmichael and Robert Danek.

Kenneth Cobb, Lincoln, Neb., for appellees Executive Associates et al.; Nelson, Harding, Marchetti, Leonard & Tate, Lincoln, Neb., and Randy Coleman, Howell, Price, Howell & Barron, Little Rock, Ark., on the brief.

Joe Bell, Little Rock, Ark., for appellant Amtel, Inc.

Before VOGEL, Senior Circuit Judge, and HEANEY and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

These consolidated appeals arise out of a statutory interpleader action which is presently pending in the District Court for the Eastern District of Arkansas.[1] Review is sought of certain provisions of a pretrial order entered on July 30, 1975. In No. 75–1872, Amtel, Inc., the plaintiff-stakeholder, challenges the dismissal of certain defendants from the action. In No. 75–1795, Sunray Oil Company, a defendant-claimant, attacks the dismissal of its cross-claim. We affirm the order of the District Court.

## I.

At the root of this litigation is a dispute over brokerage commissions arising out of Amtel's acquisition of the South Central Oil Company.

In March, 1974, following complex negotiations involving several parties, Amtel purchased the stock of South Central from the Sun Oil Company. In connection with that transaction, Amtel, in a written agreement dated March 29, 1974, agreed to pay $750,000 in brokerage commissions to Sunray. Of that sum, $180,000 was to be paid upon execution of the agreement. An additional $70,000 was to fall due when Sunray delivered to Amtel certain releases executed by seven named individuals.[2] Payment of the remaining $500,000 was deferred and conditioned upon the delivery to Amtel of release executed by four additional individuals doing business as The Executive Associates.[3]

In September, 1974, Amtel commenced this interpleader action in the District Court, pursuant to 28 U.S.C. § 1335, seeking to determine who was entitled to the $70,000 which, under the terms of the March 29, 1974, agreement, was to be paid to Sunray upon the delivery of certain releases. Named as defendants were Sunray and all eleven of the parties from whom releases were contemplated in the agreement. Amtel alleged that the defendants had asserted conflicting claims to the $70,000, and that it was uncertain as to who was entitled thereto.[4] Amtel filed an interpleader bond in the amount of $70,000.[5] The District Court issued an order restraining the defendants from prosecuting any claim to the interpleaded sum in another proceeding until further notice.[6]

The next several months brought forth a multitude of pleadings and motions. We note below those pertinent here.

First, Sunray filed a cross-claim against The Executive Associates,[7] alleging breach of contract. Sunray claimed that in 1973, it had a contract right to purchase the South Central Oil Company from the Sun Oil Company; that The Executive Associates orally contracted to purchase South Central from Sunray; and that The Executive Associates breached that agreement. As relief, Sunray sought damages in the amount

---

1. The Honorable Garnett Thomas Eisele.

2. F. C. Gaines, Jr., James H. Baccus, Frank Weatherman, William G. Vandever, Joe Pankhurst, Miles Carmichael and Robert Danek.

3. E. Paul Wilkinson, E. Howard Marshall, Dick Vermillion and Dick Sims.

4. Many of the claims were asserted in the course of a declaratory judgment action initiated by Sunray on April 1, 1974, to determine rights to the $70,000. That action was pending in the United States District Court for the Eastern District of Arkansas at the time the interpleader action was commenced. Amtel was not a party thereto. By agreement of the parties, that action has been dismissed.

5. *See* 28 U.S.C. § 1335(a)(2).

6. *See* 28 U.S.C. § 2361.

7. Wilkinson, Marshall, Vermillion and Sims. *See* note 3, *supra*. To be more precise, Sunray's claim against Wilkinson and Marshall was styled a cross-claim, while their claim against Vermillion and Sims was denominated a third-party complaint. The distinction apparently stemmed from the belief that Vermillion and Sims were not parties to the principal action. While Vermillion and Sims were not named as defendants in Amtel's original complaint, they were named in the amended bill, filed shortly thereafter, and were served with process. Accordingly, we treat Sunray's claim against Vermillion and Sims as a cross-claim. We note also that Sunray's claim could not be maintained as a third-party claim since it is not one for indemnity. *See generally* F.R.C.P. 14; *Wright, Law of Federal Courts* § 76 (2nd ed. 1970).

of $10,112,145, less the sum it is paid under its contract with Amtel.

Second, The Executive Associates filed disclaimers of any interest in the interpleaded fund. They stated that they were indeed owed certain sums of money by Amtel in connection with the latter's acquisition of South Central. They argued, however, that their claims were independent of the March 29, 1974, agreement between Amtel and Sunray. They also maintained that the sum owed to them exceeded the bond posted by Amtel. Accordingly, they moved to dismiss the interpleader action as to them. They also moved to dismiss Sunray's cross-claim.

Third, The Executive Associates instituted suit against Amtel in the United States District Court for the Southern District of Texas, seeking $10,250,000 in brokerage fees arising out of Amtel's purchase of South Central Oil.[8] The complaint set forth two alternative theories of recovery: an oral contract and *quantum meruit.*

Fourth, Amtel filed a motion in the interpleader action to enjoin prosecution of The Executive Associates' Texas lawsuit. Amtel contended that the claim asserted therein was one against the interpleaded fund, and, therefore, must be asserted in the Arkansas litigation.

Finally, Amtel filed an additional interpleader bond in the amount of $250,000, raising the total sum deposited with the Court to $320,000.[9]

On July 30, 1975, the District Court entered the pretrial order from which the instant appeals are taken. It concluded that The Executive Associates' claim for commissions was unrelated to the interpleaded fund. Accordingly, the court dismissed the interpleader action as to them and refused to enjoin prosecution of their Texas lawsuit. The court also dismissed Sunray's cross-claim against The Executive Associates, apparently assuming that their dismissal from the principal action mandated that result. Amtel and Sunray filed timely notice of appeal.

## II.

We consider first our jurisdiction to entertain these appeals.

■ The order appealed from did not dispose of the rights and liabilities of all of the parties to this litigation. The interpleader action continues, only without The Executive Associates. There appearing in the record no certification pursuant to F.R.C.P. 54(b), the order is not a final decision for purposes of 28 U.S.C. § 1291. Accordingly, it is not presently appealable unless it is of a type for which interlocutory review has been authorized by statute. *See McNally v. Pulitzer Publishing Co.,* 532 F.2d 69, 73 (8th Cir. 1976).

■ 28 U.S.C. § 1292(a)(1) authorizes review of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *." The instant pretrial order refused to enjoin The Executive Associates from prosecuting their Texas lawsuit. We hold, therefore, that the order is appealable under 28 U.S.C. § 1292(a)(1). *See generally* 3A *Moore's Federal Practice* ¶ 22.14[6] (1974).

■ We note that although the denial of injunctive relief provides the vehicle for appellate review, our scope of review is not limited to the propriety thereof. As this Court has recently observed:

> An appeal from an order granting or refusing injunctive relief pursuant to 28 U.S.C. § 1292(a)(1) presents for appellate review "the entire order, not merely the propriety of injunctive relief * * *." (Citations omitted.)

---

**8.** Marshall did not join in this action. He claims that he was not a part of The Executive Associates insofar as the South Central Oil transaction is concerned and disclaims any interest in any fee arising therefrom.

**9.** The added bond apparently represented the second installment in the payment schedule established by the March 29, 1974, agreement, which became payable on March 29, 1975.

*McNally v. Pulitzer Publishing Co., supra,* 532 F.2d at 73–74.[10]

### III.

We turn to the merits of the appeals.

#### A. *No. 75–1872.*

In this appeal, Amtel challenges the District Court's dismissal of the interpleader action as to The Executive Associates and its concomitant refusal to enjoin them from prosecuting their Texas lawsuit.

Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund. The stakeholder is thereby freed from the threat of multiple liability and/or the vexation of multiple lawsuits. *See* 3A *Moore's Federal Practice* ¶ 22.02[1] (1974).[11]

Requisite to the maintenance of an interpleader action is that the stakeholder be subject to multiple adverse claims against a single fund or liability. *See General Electric Credit Corp. v. Grubbs,* 447 F.2d 286 (5th Cir. 1971), *rev'd on other grounds,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Trowbridge v. Prudential Ins. Co. of America,* 322 F.Supp. 190 (S.D.N.Y.1971); 3A *Moore's Federal Practice* ¶ 22.08[1] (1974). The dismissal as to The Executive Associates was predicated upon the court's determination that their claim for brokerage fees was not an adverse

claim against the interpleaded fund. It is that determination which Amtel assigns as error.

The $70,000 initially interpleaded by Amtel, as well as the additional $250,000 later deposited with the court, were funds which were to be paid to Sunray pursuant to the March 29, 1974, agreement. The Executive Associates were neither parties to nor beneficiaries under that agreement. The interpleaded fund does represent commissions arising out of Amtel's acquisition of South Central, as does the claim asserted by The Executive Associates in Texas. The Executive Associates' claim, however, is not predicated upon the March 29, 1974, agreement, but rather on a separate agreement or, alternatively, *quantum meruit.* Also, it far exceeds the sum interpleaded by Amtel. The Executive Associates claim $10,250,000. The interpleaded fund presently stands at $320,000.

On the basis of the foregoing, we cannot say that the District Court abused its discretion in refusing to compel The Executive Associates to assert their claim for commissions in the interpleader action. The subject matter of an interpleader action is defined by the fund deposited by the stakeholder. *See Kitzer v. Phalen Park State Bank of St. Paul,* 379 F.2d 650 (8th Cir. 1967). Here, Amtel has not interpleaded a sum represented to be a reasonable commission owing to only one of several competing brokers, or to be divided among

---

**10.** On August 8, 1975, Amtel moved to amend the pretrial order to include a ruling on the following issues:

(1) Whether Plaintiff is entitled to withhold payment of any funds to Defendant Sunray Oil Company or to other parties in this action until Plaintiff's liability, if any, to The Executive Associates, for a commission arising out of Plaintiff's acquisition of South Central Oil Company, is finally determined.

(2) Whether Plaintiff is entitled to off-set any payments to The Executive Associates for a commission arising out of Plaintiff's acquisition of South Central Oil Company, against any sums due by Plaintiff to Sunray Oil Company under the March 29, 1974 Agreement, attached hereto.

It appears that the court has taken evidence on this motion but has not yet ruled. Defendants

Gaines, Vandever, Weatherman, Carmichael and Danek have filed a brief urging that these appeals be dismissed as premature because of the pendency of Amtel's motion to amend the pretrial order. We find no merit to this contention. The essence of their contention is that the pretrial order is merely interlocutory. The thrust of our discussion set forth above, however, is that the order is indeed interlocutory but is nevertheless reviewable. We note also that the relief sought by Amtel is essentially an adjudication of additional issues rather than a reconsideration of those already decided.

**11.** We are here concerned with statutory interpleader under 28 U.S.C. § 1335. Note, however, that an alternative interpleader procedure is set forth in F.R.C.P. 22.

them. Rather, it has interpleaded a specific sum arising under a particular agreement to which only Amtel and Sunray were parties. *Compare Girard Trust Co. v. Vance,* 4 F.R.D. 255 (E.D.Pa.1945). The Executive Associates' claim emanates from a different source, and it is not necessarily mutually exclusive with those of Sunray and the other brokers. Accordingly, we cannot say that The Executive Associates' claim constitutes an adverse claim against a single liability. *See General Electric Credit Corp. v. Grubbs, supra; Trowbridge v. Prudential Ins. Co. of America, supra.*

■ The fact that the amount of The Executive Associates' claim substantially exceeds the sum deposited with the court stands as an additional bar to requiring that The Executive Associates assert their claim in interpleader. A stakeholder may not compel a party to litigate his claim in interpleader unless he deposits with the court an amount equal to the sum claimed by that party. *See Metal Transport Corp. v. Pacific Venture Steam. Corp.,* 288 F.2d 363 (2nd Cir. 1961); *New York Life Ins. Co. v. Lee,* 232 F.2d 811 (9th Cir. 1956); *United Artists Corp. v. Fields Productions, Inc.,* 363 F.Supp. 903 (S.D.N.Y.1973). *See generally* 7 *Wright & Miller, Federal Practice and Procedure* § 1716 (1972).

■ In summary, we hold that Amtel, having commenced this action to determine rights to a specific fund arising under a particular agreement, cannot compel the litigation therein of a larger claim unrelated to the fund. As this Court stated in *Great American Ins. Co. v. Bank of Bellevue,* 366 F.2d 289 (8th Cir. 1966), at 294:

> Interpleader, being a remedy solely for the protection of the stakeholder, it may not be used by the stakeholder as a weapon to defeat recovery from funds other than the one before the court.

■ We reach the conclusion posited above with some reluctance. We believe that the interests of judicial economy would be better served were all claims for commissions arising out of Amtel's acquisition of South Central tried in a single proceeding. Nevertheless, that fact alone cannot compel the otherwise inappropriate joinder of claims in interpleader. *See State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 535–537, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

### B. *No. 75–1795.*

It remains to be considered whether, as the District Court assumed, dismissal of the interpleader action as to The Executive Associates required dismissal of Sunray's cross-claim. Sunray contends that the court should have retained jurisdiction over its claim in that it independently satisfied the requisites of federal diversity jurisdiction under 28 U.S.C. § 1332.

■ We hold that the cross-claim was properly dismissed. None of the parties who comprise The Executive Associates [12] is a resident of or otherwise subject to service of process in Arkansas. Service was effected upon them pursuant to 28 U.S.C. § 2361, which authorizes nationwide service of process in statutory interpleader actions. It has generally been held that a cross-claim may not be maintained against an interpleader defendant who is not subject to service of process in the forum state, and who, although served, does not assert a claim to the interpleaded fund. *See Hagan v. Central Avenue Dairy,* 180 F.2d 502 (9th Cir. 1950); *Hallin v. C. A. Pearson, Inc.,* 34 F.R.D. 499 (N.D.Cal.1963); *Great Lakes Auto Ins. Group of Chicago v. Shepherd,* 95 F.Supp. 1 (W.D.Ark.1951); *Stitzel-Weller Distillery v. Norman,* 39 F.Supp. 182 (W.D.Ky.1941). It is reasoned that a party who declines to assert a claim to the interpleaded fund should not be compelled to defend against an *in personam* claim in a potentially inconvenient forum. We find this reasoning persuasive, particularly where, as here, the non-claiming defendant is dismissed from the interpleader

---

12. *See* note 3, *supra.* Wilkinson and Marshall are residents of Texas. Vermillion is a resident of Louisiana. Sims is a resident of Mississippi.

action. The Executive Associates are not ordinarily subject to suit in Arkansas. They should not be made so by their improper joinder in interpleader. *See generally* 3A *Moore's Federal Practice* ¶ 22.15 (1974).

The District Court's order dismissing the interpleader action as to The Executive Associates and dismissing Sunray's cross-claim is affirmed.