584 F.2d 291
 Kenneth H. MEYER, Appellant,
v.
BELL & HOWELL COMPANY, an Illinois Corporation and Bell &
Howell Schools, Inc., an Illinois Corporation, Appellees,
Stuart A. Cohen and Gerald Hauser.
 No. 78-1581.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 28, 1978.
Decided Oct. 4, 1978.
 
 Robert H. Batts of Biggs, Casserly, Barnes, Fickie & Wolf, St. Louis, Mo., for appellant, Kenneth H. Meyer.
 Larry B. Luber, St. Louis, Mo., for appellees, Bell & Howell Co.
 Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before the court on the motion of defendant Bell & Howell Schools, Inc. to dismiss the appeal for lack of jurisdiction. See Local Rule 9. We grant the motion to dismiss.
 
 
 2
 Upon his termination from employment with Bell & Howell Schools, Inc., plaintiff Kenneth H. Meyer brought this action in diversity alleging five claims for relief. Defendants are the Bell & Howell Company and Bell & Howell Schools, Inc., both Illinois corporations, and Stuart A. Cohen and Gerald Hauser, officers and employees of Bell & Howell Schools, Inc.
 
 
 3
 Count I of plaintiff's first amended complaint alleges that the corporate defendants issued a false "service letter" to plaintiff. Count II charges that the corporate defendants failed to pay commissions and bonuses due plaintiff. Count III alleges that the corporate defendants tortiously breached their employment contracts with plaintiff. Count IV charges that the individual defendants wrongfully interfered with plaintiff's contractual and employment relationship with Bell & Howell Company and Bell & Howell Schools, Inc. Count V alleges that the corporate defendants committed unfair trade practices in violation of section 5 of the FTC Act, 15 U.S.C. § 45.
 
 
 4
 Defendants filed motions in the district court[1] to dismiss on all counts. On June 26, 1978, the court entered an order dismissing with prejudice Counts I and II as to defendant Bell & Howell Company, and dismissing with prejudice Counts III, IV and V as to all defendants. Plaintiff's Action against Bell & Howell Schools, Inc., as to Counts I and II of its complaint is still pending in district court.
 
 
 5
 On July 26, 1978, plaintiff filed a notice of appeal from the order dismissing Counts I and II as to defendant Bell & Howell Company, and from the order dismissing Count V. On September 1, 1978, defendants filed this motion to dismiss the appeal, contending that this court lacks jurisdiction. Plaintiff-appellant has not responded to this motion and time for doing so has expired. See Local Rule 9.
 
 
 6
 The order entered by the district court did not settle the rights and liabilities of all the parties as Bell & Howell Schools, Inc. remains as a defendant on Counts I and II. Fed.R.Civ.P. 54(b) provides that when multiple claims or multiple parties are involved, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties * * * ." In the present case the district court entered no such direction. There is, therefore, no appealable final decision within the meaning of 28 U.S.C. § 1291 (1976). Gaines v. Sunray Oil Co., 539 F.2d 1136, 1140 (8th Cir. 1976).
 
 
 7
 Since no final order under section 1291 has been issued, this case is not presently appealable unless it is of the type for which interlocutory review has been authorized by statute. Id. It is not appealable as an interlocutory order under 28 U.S.C. § 1292. Since no request for the granting, continuing, modifying, refusing or dissolving of an injunction was made, section 1292(a)(1) is inapposite. Appellate review under section 1292(b) is likewise unavailable because the district court did not make the necessary finding in writing that immediate appeal may materially advance the ultimate termination of the litigation. Moreover, no application was made to this court within ten days of the entry of the district court's order.
 
 
 8
 Since this action is not presently appealable under either section 1291 or section 1292, this court is without jurisdiction and, accordingly, the appeal should be dismissed. See Lane v. Graves, 518 F.2d 965 (8th Cir. 1975); Wooten v. First Nat'l Bank, 490 F.2d 1275, 1276 (8th Cir. 1974).
 
 
 9
 Appeal dismissed.
 
 
 
 [1]
 The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri