Kathy WITTRY and the Estate of Florence M. Balk, Plaintiffs,

v.

The NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant.

Civ. No. 3–88–889.

United States District Court,
D. Minnesota,
Third Division.

Nov. 14, 1989.

David R. Von Holtum, Von Holtum, Malters & Shepherd, Worthington, Minn., for plaintiff Kathy Wittry.

William J. Wetering, Hedeen & Hughes, Worthington, Minn., for plaintiff Estate of Florence M. Balk.

Heidi M. Hoard, and Ann Marie Hanrahan, Faegre & Benson, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the court on two motions. First, defendant Northwestern Mutual Life Insurance Company (NML) has brought an interpleader motion pursuant to Fed.R.Civ.P. 22. Second, plaintiffs Kathy Wittry and the estate of Florence M. Balk (the Estate) have brought cross-motions for summary judgment. For the reasons set forth below, the court grants defendant's interpleader motion and grants summary judgment in favor of Kathy Wittry.

*Factual Background*

This litigation stems from insurance policies issued by NML to Lawrence M. Balk, who died on July 11, 1987. Two policies are at issue, numbers 2520593 and 2613592. In both policies Balk designated his wife, Florence M. Balk, as direct beneficiary, and Kathy Balk (now Wittry) as contingent beneficiary.

Alfred J. Balk, who is not a party to this matter, was appointed personal representative of the estate of Lawrence M. Balk on August 24, 1987. Alfred J. Balk also had been appointed guardian of the estate of Florence M. Balk on April 18, 1983. After Florence M. Balk's death, Alfred J. Balk was appointed personal representative of her estate. Plaintiff Wittry is the daughter of Alfred J. Balk.

Five months after the insured's death, and before any claim forms were forwarded to NML, Florence Balk died on December 9, 1987. Thereafter, Wittry asserted a formal claim for the insurance proceeds on the grounds that the designation of payees clause of the insurance contract provided that the contingent beneficiary would take if the direct beneficiary did not survive to receive payment.

The language in both policies is the same, and it reads as follows:

## II. SUCCESSION IN INTEREST OF BENEFICIARIES

Unless otherwise provided in this form the proceeds whether payable in one sum or under a settlement option shall be payable as follows:

(1) In equal shares to such direct beneficiaries as survive to receive payment. The share of any direct beneficiary who dies before receiving payments due or to become due shall be payable in equal shares to such direct beneficiaries as survive to receive payment.

(2) At the death of the last surviving direct beneficiary payments due or to become due shall be payable in equal shares to such contingent beneficiaries as survive to receive payment. The share of any contingent beneficiary who dies before receiving payments due or to become due shall be payable in equal shares to such contingent beneficiaries as survive to receive payment.

(3) At the death of the last to survive of the direct and contingent beneficiaries payments due or to become due shall be paid in one sum in equal shares to such further payees as survive to receive payment.

NML admits a responsibility to pay the insurance proceeds. Indeed, NML attempted to resolve this matter by issuing a joint order check payable to both Wittry and the Estate of Florence M. Balk. This attempt failed, and Wittry brought this action. NML moved to join the Estate, and by order of United States Magistrate Floyd E. Boline, this motion was granted. NML also has paid the insurance proceeds into court.

*Analysis*

I. Interpleader

■ Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed

from the threat of multiple liability. *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir.1976). Although *Gaines* involved statutory interpleader, governed by 28 U.S.C. § 1335, the same principles apply to Rule 22 interpleader. The only differences between the two involve procedural requirements such as jurisdiction, venue, service of process, and amount in controversy. *See* 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1703 (2d ed. 1986). Interpleader is appropriate when two conditions exist. First, there must be two or more adverse claimants, and second, there must be a limited fund, such that interpleader protection for the stakeholder is necessary. *Gaines*, 539 F.2d at 1141; *Equitable Life Assurance Society v. Miller*, 229 F.Supp. 1018, 1020 (D.Minn.1964).

The Estate contends that interpleader is not an appropriate mechanism in this case because NML is not an innocent stakeholder. The Estate alleges that NML's actions created, or at least contributed to, the adverse claims by its negligence. The Estate cites a letter from an NML claims analyst to Raymond Mork, Alfred J. Balk's attorney, as evidence of NML's violation of its duty of care. The letter is dated October 16, 1987, and it states in part:

> If money is needed to cover immediate expenses, that is simple to arrange. I recommend that Mr. Balk consider investing the remaining proceeds under an Interest Income Plan which allows interest payments to be made while deciding on a more suitable settlement.
>
> Before making any decisions, Mr. Balk should consider the variety of payment plans that Northwestern Mutual Life offers. Enclosed is a Payment Plan Proposal illustrating monthly incomes available under the various plans. Calculations for these illustrations are based on current rates. These rates are subject to change. The rates in effect on the date the form is received in the Home Office will be the rates used. Also enclosed is our brochure entitled, "Planning for the Future" which describes the various features of each of the payment plans available. If a Payment Plan is desired, the

enclosed Form 90–1569 should be completed and submitted.

The Estate's theory is that NML's letter proposes payment plans and investment opportunities with NML in such a way that Florence M. Balk, or more accurately her guardian, was lulled into believing that no action need be taken immediately in order for Florence M. Balk to be entitled to the insurance proceeds. In essence, the Estate would have the court hold NML liable for a double recovery: once under the terms of the insurance contract and once for NML's own negligence.

█ The Estate's theory is without merit. This is a classic case of interpleader. The letter to Mork is not misleading and it cannot excuse Florence M. Balk's five-month delay in claiming the insurance proceeds. In fact, the letter explicitly states, "there are contingent beneficiaries." Moreover, the language of the succession in interest clause of the insurance contracts is unambiguous. A beneficiary must survive to receive payment in order to be entitled to the proceeds.

Having found that the prerequisites for interpleader are present in this case, namely adverse claimants and a limited fund, the court will grant NML's motion for interpleader.

### II. Summary Judgment

Apart from the interpleader motion, both plaintiffs have brought motions for summary judgment. Each claims that it is entitled to the insurance proceeds. In deciding cross-motions for summary judgment the court must apply the standards set forth in Fed.R.Civ.P. 56(c). Judgment shall be rendered for a moving party provided that the pleadings and materials on file demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The

judge's function at the summary judgment stage is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2511. The material facts in this case are undisputed. The only issue to be decided is whether the Estate or Wittry is entitled to the proceeds.

In general, entitlement to the proceeds of an insurance policy vest as soon as the beneficiary survives the insured. *Kottman v. Minnesota Odd Fellows Mutual Benefit Society,* 66 Minn. 88, 68 N.W. 732 (1896). However, the general rule may be altered by the terms of the insurance contract. As stated above, the terms of the contracts at issue are unambiguous:

> The share of any direct beneficiary who dies before *receiving* payments due or to become due shall be payable in equal shares to such direct beneficiaries as survive to receive payment.

> At the death of the last surviving direct beneficiary payments due or to become due shall be payable in equal shares to such contingent beneficiaries as survive to receive payment.

These terms clearly alter the general rule in that they require a beneficiary to survive until he or she receives payment. Otherwise, the proceeds become payable to the beneficiaries next in line.

This is not a case in which the beneficiary filed a claim for proceeds but died before receiving payment. Thus the case of *Rossetti v. Hill,* 161 F.2d 549 (9th Cir. 1947), cited by the Estate is inapposite. There the beneficiary had furnished proof of death of the insured but had not elected a payment option. The court determined that the beneficiary's entitlement to the proceeds had vested even though she died before informing the insurer how she wished to receive payment.

In the case at hand, the Estate offers no justification for its five-month delay in filing a claim for proceeds. For three months after the insured's death, Florence M. Balk and her guardian did not file a claim. Then Mork received the letter from NML, and no claim was filed for another two months. The Estate has failed to provide any evidence of steps taken to make certain that Florence M. Balk's entitlement to the proceeds became vested. In the face of unambiguous contractual language and in the absence of evidence that Florence M. Balk filed a claim before her death, the court is compelled to conclude that Florence M. Balk died before her entitlement vested. Thus Wittry, the contingent beneficiary, is entitled to the proceeds.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for interpleader is GRANTED;

2. Defendant Northwestern Mutual Life Insurance is DISMISSED from this action;

3. Plaintiffs herein, and all other parties known or unknown who may claim an interest in Northwestern Mutual Life Insurance Company policies numbered 2520593 and 2613592, are permanently enjoined from asserting further claims against defendant Northwestern Mutual Life Insurance Company;

4. Plaintiff Kathy Wittry's motion for summary judgment is GRANTED, and the Clerk of Court is directed to pay to Kathy Wittry the proceeds of the insurance policies at issue, which proceeds are now being held in an account controlled by the Clerk of Court.

5. Plaintiff Estate of Florence M. Balk's motion for summary judgment is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.