**PUBLIC SCHOOL RETIREMENT SYSTEM OF MISSOURI,**
Interpleader,

v.

**UNITED STATES of America, and John J. Sanderson, Parties at Interest.**

**No. 04–4255–CV–C–NKL.**

United States District Court,
W.D. Missouri,
Central Division.

March 24, 2005.

Allen Allred, Thompson Coburn, LLP, St. Louis, MO, for Public School Retirement System of Missouri.

Kristin Hope Hodges, United States Department of Justice, Washington, DC, for United States of America.

John J. Sanderson, Lee's Summit, MO, pro se.

**ORDER**

LAUGHREY, District Judge.

Pending before the Court is the United States of America's ("USA") Motion to Dismiss Complaint [Doc. # 18]. For the reasons set forth below, the Court grants USA's Motion.

**I. Background**

John J. Sanderson ("Sanderson") owes approximately $70,805.19 in unpaid federal tax liabilities to the Internal Revenue Service

("IRS"), although Sanderson disputes that he owes these liabilities. Sanderson is also a former public school employee and he has a pension fund that is administered by the Public School Retirement System of Missouri ("PSRS").

In September 2004, the IRS served a "Notice of Levy on Salary, Wages, and Other Income" on PSRS. The Levy ordered PSRS to turn over to the IRS a portion of Sanderson's pension fund balance to remedy his unpaid tax liabilities. The levy demanded payment of $70,805.19. *See* Ex. A to PSRS Complaint [Doc. # 1].

A few days later in September 2004, Sanderson sent a letter to PSRS notifying them that he disputed the IRS levy and instructing PSRS not to comply with the levy. Sanderson threatened to commence litigation against PSRS and seek a million dollars in damages if PSRS complied with the levy. *See* Ex. B to PSRS Complaint [Doc. # 1]. Sanderson also contacted the IRS and demanded a hearing on the Levy. *See* Ex. C to PSRS Complaint [Doc. # 1].

PSRS subsequently filed the instant interpleader action wherein it requests that the Court resolve the dispute between the IRS and Sanderson and release PSRS of its potential liability to both parties. In response to PSRS's Complaint for Interpleader, USA filed its pending Motion to Dismiss, claiming that PSRS should not be able to pursue its interpleader claim.

## II. Discussion

Rule 22 of the Federal Rules of Civil Procedure governs interpleader actions. The Rule provides, in part, "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed.R.Civ.P. 22(1). PSRS filed the instant interpleader action under Rule 22 because it believes it is exposed to multiple liability regarding Sanderson's pension fund.

According to PSRS, it is exposed to potential liability to the IRS if it fails to comply with the Levy and, on the other hand, it is also exposed to potential litigation by Sanderson if it complies with the Levy. Because of this dual exposure, PSRS argues that an interpleader action is the appropriate procedural mechanism.

In its Motion, USA argues that PSRS may not maintain an interpleader action because (1) USA and Sanderson do not have adverse claims to the funds in the pension account, and (2) PSRS is not exposed to multiple liability because a federal statute grants immunity to any third party that complies with an IRS levy.[1]

### A. Whether USA and Sanderson have Adverse Claims

■ USA argues that its levy on Sanderson's pension funds is not adverse to Sanderson's interest in the funds because USA has the right to step into Sanderson's shoes. Thus, according to USA, its claim to the funds in Sanderson's pension account are "through Sanderson, not against him" and their claims are not adverse to Sanderson. *See* USA's Motion to Dismiss Complaint [Doc. # 18] at p. 4.

To support this proposition, USA cites the Supreme Court's decision in *United States v. National Bank of Commerce*, 472 U.S. 713, 725, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). In *National Bank of Commerce*, the Supreme Court held that after the IRS has placed a levy on funds that are held in a joint bank account, then the IRS may withdraw the funds from the account because it "acquires whatever rights the taxpayer himself possesses" and, in this sense, the IRS "steps into the taxpayer's shoes." *Id.* at 725.

USA relies on these quotations from *National Bank of Commerce* to support its argument that it is not adverse to Sanderson. A number of other courts have endorsed USA's argument. *See AmeriPride Services,*

---

1. USA also makes passing reference to its potential sovereign immunity. *See* Doc. # 18 at p. 3. However, USA acknowledges that if the instant case satisfies the interpleader requirements of Rule 22, then its sovereign immunity is waived pursuant to federal statute. *See* 28 U.S.C. § 2410(a)(5) ("[USA] may be named a party in

any civil action ... of interpleader or in the nature of interpleader with respect to real or personal property on which [USA] has or claims a mortgage or other lien."). Thus, if the Court finds that PSRS's interpleader action satisfies Rule 22, then USA is not entitled to sovereign immunity as to the interpleader action.

*Inc. v. Leidel,* 2004 WL 2011457, No. 04–4007 (D.Kan. Aug. 30, 2004); *Rosenheck & Co. v. United States ex rel. IRS,* 1997 WL 460259, No. 97–28 (N.D. Okla. April 9, 1997); *Queen City Savings & Loan Ass'n v. Sanders,* 1980 WL 1642, No. 78–800 (W.D.Wash. Aug. 7, 1980).

Clearly, the IRS and the taxpayer are adversaries, given the dictionary definition of the term. Congress, however, has devised a statutory structure to expedite tax collections which permits the IRS to seize the taxpayer's property and shifts the burden to the taxpayer to get the property returned. To interpret the claim between the IRS and the taxpayer as "adverse" for purposes of Rule 22 would interfere with that statutory scheme. Furthermore, the fact that the Court does not have the authority to litigate the claim between the IRS and the taxpayer in an interpleader action further suggests that interpleader cannot be used by a creditor in response to an IRS levy.

The Court, therefore, finds, for purposes of Rule 22, the claim of the IRS is not adverse to Sanderson because the IRS is Sanderson's proxy.

### B. Whether PSRS is Exposed to Multiple Liability

■ The Court also finds that interpleader is not necessary to protect PSRS from multiple liability. Rule 22 provides that interpleader is appropriate where the plaintiff "is or may be exposed to double or multiple liability" and courts hold that it is a remedial device that should be applied liberally. Fed. R.Civ.P. 22(1); *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 533, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). USA argues that interpleader is an inappropriate procedural device for the instant dispute because PSRS is immune from suit if it complies with the IRS levy, in accordance with 26 U.S.C. § 6332. Therefore, according to USA's theory, there is no threat of multiple liability because PSRS is immune from suit. PSRS concedes that it is immune from liability if it complies with the levy by virtue of 26 U.S.C. § 6332(e).

The Court recognizes that the Eighth Circuit has held that interpleader is appropriate where the plaintiffs would be exposed to duplicitous or vexatious litigation. The court, in *Dakota Livestock Co. v. Keim,* stated that Rule 22 is "designed to protect stakeholders not only from double or plural liability but also from duality and plurality of suits ...." 552 F.2d 1302, 1306 (8th Cir.1977). *See also Gaines v. Sunray Oil Co.,* 539 F.2d 1136 (8th Cir.1976); *Underwriters at Lloyd's v. Nichols,* 363 F.2d 357 (8th Cir.1966). However, permitting interpleader under the circumstances of this case does not comport with the purpose of Rule 22, which is to resolve, in a single suit, disputes over property which is subject to claims by multiple parties. As previously indicated, that can't be done here.

Furthermore, even if the Court were to permit PSRS to interplead in this case, the threat of vexatious litigation remains. If the Court enters a judgment in favor of PSRS in an interpleader action, Sanderson can still file suit against PSRS. While it is true that any future suits concerning the interpleaded property will be dismissed because of the prior judgment, a judgment does not preclude vexatious litigation. Any other suit by Sanderson against PSRS will likewise be dismissed based on statutory immunity. As one court has stated,

> Interpleader consequently is an unnecessary and excessive alternative to statutory resolution procedures. Plaintiff's interpleader enables a new set of liabilities to accrue against it that would not otherwise. Rather than relieving plaintiff from the fear of being exposed to the vexation of multiple claims this interpleader creates an additional claim that would not have existed without the interpleader action.

*Massillon Industrial Credit Union v. Ehmer,* No. 03–CV–1818, 2004 WL 2944156 at *4 (N.D.Ohio Sept. 10, 2004).

Accordingly, the Court will grant USA's pending Motion.

### III. Conclusion

Accordingly, it is hereby

ORDERED that USA's Motion to Dismiss PSRS's Complaint [Doc. # 18] is GRANTED.