**Shurland Robin Demergue BELL and/or Underwriters of Lloyd's, London**

v.

**NUTMEG AIRWAYS CORPORATION et al.**

Civ. No. H-74-211.

United States District Court, D. Connecticut.

March 21, 1975.

George D. Royster, Jr., Hartford, Conn., for plaintiff.

Edward T. Lynch, Jr., New Britain, Conn., Jay M. Starr, Armand A. Korzenik, Hartford, Conn., for defendants.

## RULING ON PLAINTIFF'S MOTION TO DISMISS FIRST COUNTER-CLAIM OF DEFENDANTS RICHARD FUTTNER AND NUTMEG AIRWAYS CORPORATION

BLUMENFELD, District Judge.

This is an interpleader action filed pursuant to 28 U.S.C. § 1335 (1970) by the plaintiff who disclaims any interest in the fund which he has deposited in the registry of this court and requests that a determination be made of the interests of the defendants, competing claimants, to the fund in question. The case is currently before this court on the plaintiff's motion to dismiss the first counterclaim of the defendants Richard Futtner and Nutmeg Airways Corporation.

This suit has been the recent subject of another opinion in which this court denied the motion of defendants Futtner and Nutmeg for transfer to New Jersey pursuant to 28 U.S.C. § 1404 (1970). Shurland Robin Demergue Bell and/or Underwriters of Lloyd's, London v. Nutmeg Airways Corp., Civ. No. H–74–211 (D.Conn. Jan. 10, 1975). Although the factual allegations underlying this interpleader action were set forth in that ruling, it is appropriate to repeat them to the extent necessary for an understanding of the instant motion.

Plaintiff was the insurer of a helicopter which was owned by the defendant Nutmeg and destroyed by a fire on April 15, 1969 at the Mercer County Airport in West Trenton, New Jersey. Apparently the plaintiff initially refused to make payment under the insurance policy to which Nutmeg responded by filing a law suit against the plaintiff in this court. Following some negotiations, the plaintiff agreed to pay Nutmeg $44,000 in full settlement of its liability under the policy. Before payment could be tendered, however, defendant Northeast Helicopters filed suit against Nutmeg in Connecticut state court and garnisheed the plaintiff in the amount of $15,000. Shortly thereafter defendant Ronson Corporation filed or attempted to file a mechanics lien with the plaintiff in the amount of $6,394.59. As a result of these actions, the plaintiff withheld the amount of $21,394.59 from defendant Nutmeg but paid the remainder of the settlement amount to it. It is this withheld amount plus accrued interest which the plaintiff has paid into the registry of this court.

By the time of the filing of this interpleader action, or shortly thereafter, the number of individuals with a possible interest in the fund had grown. On Au-

gust 15, 1974 defendant Northeast Helicopters, a New Jersey corporation, obtained a stipulated judgment against Nutmeg in the Court of Common Pleas in Hartford in the amount of $9,000. Defendant John Ryan has apparently obtained judgment against the defendant Nutmeg and defendant Richard Futtner, president of Nutmeg, in two actions in Connecticut courts. Defendant Solomon & Brown, a law partnership which was granted leave to intervene in this action, has filed a suit against Nutmeg in Circuit Court in Meriden, claiming almost $4,000 in unpaid legal fees.

Meanwhile, a related action is being litigated in the Mercer County Superior Court in New Jersey. Nutmeg filed suit against Ronson Corporation, lessee of the helicopter at the time of the fire, alleging, *inter alia*, that Ronson's negligence was responsible for the destruction of the helicopter. On August 5, 1974 judgment was entered in that case, awarding Nutmeg $44,000 in damages for the destruction of the helicopter and an additional $38,783.71 on a separate claim for the consequential damages which it suffered as a result of Ronson's wrongful retention of its property.

Apparently the plaintiff insurer in this action intervened in that case in order to assert its right of subrogation to any judgment in Nutmeg's favor based on its negligence claim against Ronson. In recognition of that subrogation claim, the New Jersey court impressed a trust in the plaintiff's favor upon the $44,000 judgment with the proceeds from that judgment to be held by the clerk of the court in an interest bearing account pending determination of the amount to which the plaintiff is entitled. Nutmeg is disputing the plaintiff's claim to the full $44,000 on the basis that the plain-

tiff had wrongfully withheld the $21,394.59 which is the subject matter of the instant law suit.

■  Defendants Futtner and Nutmeg have now filed two "counterclaims,"[1] one of which is directed against the plaintiff and alleges that it "intentionally, wrongfully, tortiously or officiously withheld approximately half of the settlement despite the protests of the Defendant    .    .    ." Defendants Futtner and Nutmeg Airways First Counterclaim ¶3. They allege that they have suffered $500,000 in damages as a result of this "tortious" conduct.

■  The plaintiff moves to dismiss the counterclaim on the basis that it and the defendants are not "opposing part[ies]" within the meaning of Fed.R.Civ. P. 13 and thus a counterclaim cannot properly lie. This position is supported by a number of cases decided by the United States Court of Appeals for the Tenth Circuit. *See* Knoll v. Socony Mobil Oil Co., 369 F.2d 425 (10th Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967); Erie Bank v. United States District Court, 362 F.2d 539 (10th Cir. 1966); First Nat'l Bank v. Johnson County Nat'l Bank & Trust Co., 331 F.2d 325 (10th Cir. 1964). With all due respect, however, this court declines to follow that line of cases.

The Tenth Circuit's analysis is based on the assumption that the interpleaded fund constitutes the exclusive subject matter of the complaint and that where the plaintiff disclaims any interest in the fund, he simply is not in an adversary relationship to the defendant-claimants. As Fed.R.Civ.P. 13 provides for the filing of counterclaims only by those against whom a primary claim has been asserted, the Tenth Circuit courts

---

1. The second "counterclaim" has been improperly denominated. It is essentially a statement of the defendants' claim to the fund and a denial of the rights of the other named defendants. As such, it is more properly considered an answer. See Fed.R. Civ.P. 8(c); Old Colony Ins. Co. v. Lampert, 129 F.Supp. 545, 550 (D.N.J.), aff'd per curiam, 227 F.2d 520 (3d Cir. 1955).

conclude that a counterclaim against the plaintiff cannot be entertained in a true interpleader action.

■ The weakness in this analysis rests in the basic assumption that any adversarial relationship, actual or potential, in an interpleader action can only be based upon conflicting claims to the interpleaded fund. As recognized by Professor Moore in his treatise, the Rule 13 requirement of a claim by the stakeholder "is clearly satisfied by the stakeholder's request for discharge from the proceeding and for judicial protection against any further claims by the claimant in question." 3A J. Moore, Federal Practice ¶22.15, at 3130 (2d ed. 1966); see also John Hancock Mut. Life Co. v. Beardslee, 216 F.2d 457 (7th Cir. 1954), cert. denied, 348 U.S. 964, 75 S.Ct. 523, 99 L.Ed. 751 (1955). That such a claim that he should be discharged and judicially protected can be the subject of dispute between the plaintiff-stakeholder and one or more of the defendant-claimants is potentially illustrated by the instant case. Although pleaded in terms of a counterclaim, the defendants Futtner and Nutmeg's allegation that the plaintiff acted wrongfully in refusing to turn over the insurance proceeds to them upon demand may also constitute a defense to the plaintiff's request for discharge. As interpleader is an equitable remedy, the doctrine of unclean hands can, in extreme circumstances, bar a stakeholder from successfully invoking it. *Cf.* Royal School Laboratories, Inc. v. Town of Watertown, 358 F.2d 813, 817 n.3 (2d Cir. 1966); Holcomb v. Aetna

Life Ins. Co., 228 F.2d 75, 81–82 (10th Cir. 1955), cert. denied, 350 U.S. 986, 76 S.Ct. 473, 100 L.Ed. 853 (1956); B. J. Van Ingen & Co. v. Connolly, 225 F.2d 740, 744–745 (3d Cir. 1955); Mallory S. S. Co. v. Thalheim, 277 F. 196, 201–202 (2d Cir. 1921). Similarly, the defense of laches may also be available. *See* United Benefit Life Ins. Co. v. Leech, 326 F.Supp. 598, 601 (E.D.Pa.1971); Prudential Ins. Co. of Amer. v. Shawver, 208 F.Supp. 464, 469 (W.D.Mo.1962).[2]

■ It is thus apparent that, for the purpose of Rule 13, the plaintiff, despite his allegation that he is nothing more than a stakeholder, and defendant-claimants are opposing parties. Nothing in that rule can be read as a bar to the filing of either compulsory or permissive counterclaims in interpleader actions. Nor are there any serious policy considerations which militate against the maintenance of such claims. A rule permitting counterclaims in interpleader actions would not enlarge federal jurisdiction over a range of claims not contemplated by Congress. If the claim is of a compulsory nature, as is probably the case here, there would be no need to assert an independent basis of jurisdiction for the counterclaim, and the same considerations for judicial economy that apply in all other actions would support the desirability of litigating the claim in the interpleader court. If the counterclaim is based upon an independent transaction or occurrence and is thus permissive, the requirement of an independent basis of jurisdiction would be

---

2. Some courts have held that the existence of an independent basis of liability against the stakeholder for the amount of the fund may bar his resort to interpleader. *See* Poland v. Atlantis Credit Corp., 179 F.Supp. 863 (S.D.N.Y.1960); American-Hawaiian S. S. Co. v. Bowring & Co., 150 F.Supp. 449 (S.D.N.Y.1957). However, the vitality of this approach is open to considerable doubt in light of the Second Circuit's analysis in Royal School Laboratories, Inc. v. Town of Watertown, *supra.* In that case the court recommended that the litigation of a claim of independent liability be reserved until after a determination of the competing claims of the defendant-claimants. If the defendant who had asserted the independent claim was successful in defeating the claims of others to the fund at that stage, it would be unnecessary to litigate his independent claim. *See* 3A J. Moore, Federal Practice ¶22.14 [3] (2d ed. 1966).

applicable.[3] *See* Warren G. Kleban Eng'r Corp. v. Caldwell, 490 F.2d 800, 802 (5th Cir. 1974); Chance v. County Bd. of School Trustees, 332 F.2d 971, 973 (7th Cir. 1964). And, of course, the court may order a separate trial of a counterclaim pursuant to Fed.R.Civ.P. 42(b) where that is deemed advisable. Finally, the plaintiff-stakeholder "having initiated the interpleader action, and subjected itself thereby to the personal jurisdiction of the court, cannot complain if a claimant's answer seeks to interpose a counterclaim for relief in excess of or different from the subject matter of the interpleader dispute." 3A J. Moore, Federal Practice ¶22.15, at 3130 (2d ed. 1966). Nor is the burden which this places upon the plaintiff likely to be more severe than might be the case in other actions where counterclaims are unquestionably permitted. Indeed, whereas in other actions a plaintiff may have to file suit in a distant, inconvenient location in order to obtain personal jurisdiction over the defendant, 28 U.S.C. § 2361 (1970) provides for nationwide service of process in interpleader actions. Thus it is likely that the plaintiff will have filed suit in the district court most convenient for him.

Accordingly, the plaintiff's motion to dismiss the defendants' counterclaim is denied.[4] It is

So ordered.

---

3. It is not necessary to determine whether the counterclaim in the instant case is compulsory or not. If permissive, it is apparent from the face of the complaint and the counterclaim that an independent basis of jurisdiction exists under 28 U.S.C. § 1332 (1970). The complaint alleges that the plaintiff is an English corporation with its principal place of business in London and that the counterclaiming defendants are citizens of Connecticut. In addition, the counterclaimants seek $500,000 in damages. While this claim does seem excessive, this court cannot say "to a legal certainty" that the defendants will be unable to recover in excess of $10,000. *See* Deutsch v. Hewes St. Realty Corp., 359 F.2d 96 (2d Cir. 1966).

4. Note that the counterclaim is not barred by the pendency in state court of an action involving some of the same issues as the counterclaim. *See* B. B. Weit Printing Co. v. Frances Denny, Inc., 300 F.Supp. 405 (S.D. N.Y.1969); L. F. Dommerich & Co., v. Bress, 280 F.Supp. 590 (D.N.J.1968). However, should that action be adjudicated first, the doctrines of collateral estoppel or res judicata may well apply.