Seymour WASSERMAN, Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, INC., Defendant.

IRVING TRUST COMPANY and Fidelity
and Deposit Company of
Maryland, Plaintiff,

v.

NATIONWIDE LEISURE CORPORA-
TION et al., Defendants.

Nos. 78 Civ. 3973 (WCC), 79 Civ.
261 (WCC).

United States District Court,
S. D. New York.

Feb. 27, 1979.

Winthrop, Stimson, Putnam & Roberts,
New York City, for Irving Trust Co.; A.
Edward Grashof, Susan S. Egan, Nessa E.
Moll, New York City, of counsel.

Hart & Hume, New York City, for Fideli-
ty and Deposit Co. of Md.; Henry James
Wallach, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendants Civil Aeronautics Bd. and Internal Revenue Service; William J. Brennan, Asst. U. S. Atty., New York City, of counsel.

Cunningham & Bochis, New York City, for defendant B.E.T.A., Inc.; Vincent J. Bochis, New York City, of counsel.

George Berkowitz, P.C., New York City, for defendant Capitol International Airways, Inc.

Thomas A. Dickerson, New York City, for defendants Mildred Dupack, Theodore Dupack, Carol Barnes, Francis Barnes, William Gliet, Collen Kelly, Manfred Low, Samuel and Michelle Reiken, Gloria Goodman, Myrna Eichenbaum, Arlene and Myra Richman, Regina Lovejoy, Leonard Lovejoy, Marion Klakis, Michael Klakis and all class members.

## OPINION AND ORDER

CONNER, District Judge:

This is a statutory interpleader action brought pursuant to 28 U.S.C. § 1335. The Court has jurisdiction over the action since more than $500 is in controversy and at least two claimants are alleged to be of diverse citizenship.

The Court has considered the submissions of the parties on the question of which, if any, pending state-court actions may properly be enjoined pursuant to 28 U.S.C. § 2361.[1] This opinion sets forth the Court's findings of fact and conclusions of law.

*The Facts*

Nationwide Leisure Corporation ("Nationwide"), as a charter operator, was required by federal regulations to deposit monies it received from tour participants in escrow accounts at a bank with which it had a depository or escrow agreement. In the latter part of 1976, Irving Trust Company ("Irving") became Nationwide's depository bank.

On October 21, 1976, Fidelity and Deposit Company of Maryland ("Fidelity"), as surety, issued a bond on behalf of Nationwide as principal and in favor of the United States as obligee in the sum of $200,000 pursuant to the Special Regulations of the Civil Aeronautics Board to secure certain of Nationwide's obligations to tour participants.

On August 5, 1978, Nationwide ceased operations and cancelled all subsequent tours. On that date, Irving had in excess of $900,000 on deposit in Nationwide's escrow accounts. Irving thereafter made refunds from these accounts to tour participants whose flights had been cancelled and partial refunds to those who themselves had cancelled their tours prior to departure. After these refunds were made, $72,458.60 remained in the escrow accounts.

On January 16, 1979, Irving and Fidelity commenced this interpleader action by depositing with the Court the money remaining in the escrow accounts and the $200,000 proceeds of the bond issued by Fidelity. Irving and Fidelity named as defendants approximately 1600 tour participants and other nontour participants, including some of Nationwide's creditors, who have made or may make a claim against the interpleaded funds.

*Pending State Court Actions Involving Allegations that Irving Breached its Fiduciary Duty*

Plaintiffs contend that all pending state-court actions in which it is alleged that Irving engaged in misfeasance or nonfea-

---

1. 28 U.S.C. § 2361 provides:

"In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

"Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

sance in the administration of the escrow accounts be enjoined and that these claims be asserted as compulsory counterclaims in the interpleader action. Plaintiffs contend that by placing the "whole ball of wax" before the Court in the interpleader action, plaintiffs will be protected from a plurality of suits.

Defendants, who are plaintiffs in actions pending in the New York State Supreme Court in which Irving and/or Fidelity are named as defendants, oppose plaintiffs' efforts to enjoin state-court actions on claims which defendants allege do not involve the interpleaded fund, and to consolidate the claims in the interpleader action.

Plaintiffs contend that the claims against Irving based on negligence should be pleaded as compulsory counterclaims in the interpleader action pursuant to F.R.Civ.P. 13(a). That rule provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, . . . ."

The cases cited by plaintiffs hold simply that counterclaims may be pleaded against the stakeholder in interpleader actions. See, e. g., *Liberty National Bank & Trust Co. of Oklahoma City v. Acme Tool Division of Rucker Co.*, 540 F.2d 1375 (10th Cir. 1976); *Bell v. Nutmeg Airways Corporation*, 66 F.R.D. 1, 4 (D.Conn.1975); 3A Moore's *Federal Practice* ¶ 22.15 at 22–149 to 22–151. Rule 13(a) does not speak to the scope of a court's power to enjoin pending state-court actions pursuant to 28 U.S.C. § 2361. And where, as here, the claims of the defendants were the subject of pending state-court actions prior to the time that this suit was commenced, the rule does not even require that the claims be pleaded as compulsory counterclaims.

Plaintiffs allege that all the breach of fiduciary duty claims which have been asserted against Irving are in essence claims against the interpleaded fund which should be litigated in the interpleader action. Plaintiffs cite *Dakota Livestock Co. v. Keim*, 552 F.2d 1302 (8th Cir. 1977), as the case most squarely in point. In that case, the Dakota Livestock Co. ("Dakota"), an auctioneer of livestock, sold cattle delivered to it by a bank. The bank had obtained the cattle when it foreclosed a loan to a third party who had purchased the cattle from a Mr. Zurcher. Zurcher was never paid by his buyer, who thereafter went into bankruptcy. Following the sale of the cattle by Dakota, Zurcher brought a suit in state court against auctioneer, alleging conversion. Dakota thereafter commenced an interpleader action and deposited the proceeds of the sale of the cattle with the registry of the district court. Zurcher moved to be dismissed from the interpleader suit; he disclaimed any interest in the fund and asserted that he wanted to pursue his state court remedies. The court found that Zurcher's claims were properly included in the interpleader action. Zurcher's suit against Dakota was for loss of the cattle and the fund deposited with the court, which represented the proceeds of the sale of the cattle, "in a sense [stood] in the place of the cattle." *Id.* at 1307. The court stated:

"We do not think that Zurcher can in effect surrender that fund to the Bank or to the Trustee and thus avoid controversy with them while at the same time reserving his claim against Dakota by the simple device of turning his back on that particular fund. * * * If Zurcher can thus avoid the jurisdiction of the interpleader court, so perhaps can any other defendant who has an independent claim against a solvent stakeholder.

"We desire to emphasize that our holding that the district court had jurisdiction of Dakota's claim for relief does not prevent Zurcher from pressing his claim for conversion in that court, nor does it necessarily limit his damages to the amount that Dakota has deposited. He can file an appropriate counterclaim." *Id.*

The court distinguished its earlier holding in *Gaines v. Sunray Oil Company*, 539 F.2d 1186 (8th Cir. 1976), where it had refused to compel the defendants, who asserted that their claim against the plaintiff was independent of the claims which were being asserted against the fund and was pending before another court, to litigate that claim in the interpleader action. The court in *Gaines* noted that the subject matter of an interpleader action is defined by the fund deposited by the stakeholder. The plaintiff in *Gaines* had deposited with the court only a sum due under one agreement, which the defendants alleged was separate and apart from the agreement under which they were entitled to damages from the plaintiff. The court also noted that the defendants' claim substantially exceeded the sum deposited with the court. The court stated that "[a] stakeholder may not compel a party to litigate his claim in interpleader unless he deposits with the court an amount equal to the sum claimed by that party." The court stated further that the interests of judicial economy alone cannot compel the otherwise inappropriate joinder of claims in interpleader. *Gaines v. Sunray Oil Company, supra*, 539 F.2d at 1142. *Cf. Libby, McNeil, and Libby v. City National Bank*, 592 F.2d 504 at 509 (9th Cir., 1978).

Under the Federal Rules, interpleader is a procedural device which enables a person holding money or property conceded to belong to someone else to join two or more parties asserting claims to the money or property in a single suit, thereby avoiding the multiple liability which might result from inconsistent adverse determinations of liability in separate suits against him. See *Trowbridge v. Prudential Insurance Company of America*, 322 F.Supp. 190 (S.D.N.Y. 1971). See generally 7 Wright & Miller, *Federal Practice & Procedure* §§ 1701–1721. The essence of interpleader is the avoidance of multiple liability when only a single obligation is owing. *Trowbridge, supra*, 322 F.Supp. at 192.

■ In the instant case, defendant B.E.T.A., Inc. ("B.E.T.A."), asserts a claim against Irving arising out of the issuance of a check by B.E.T.A. to "Chemical Bank/Nationwide Leisure Escrow Account" on Au-gust 19, 1977. B.E.T.A. alleges that upon receiving this payment, Nationwide deposited the check without proper endorsement in an account which it maintained with Irving. B.E.T.A. alleges that Irving improperly accepted this check, collected the funds and credited the amount of the check to Nationwide's account. Defendants who are plaintiffs in *Goodman v. Nationwide Leisure Corp., et al.*, Index No. 16640/78 (N.Y.Sup. Ct.), assert a claim against Irving based on negligence and breach of fiduciary duty in its management of the escrow funds. They allege that Irving knew or should have known that services provided by Nationwide to its tour participants were inferior to those promised or represented by Nationwide. These claims against Irving allege causes of action independent of claims to the fund by other defendants. It is clearly possible that an obligation is owed by Irving to B.E.T.A. and the Goodman plaintiffs separate and apart from the fund.

■ 28 U.S.C. § 2361 permits this Court to enjoin "proceeding[s] . . . affecting the property . . . involved . . ." Any order enjoining the parties from pursuing other causes of action must not be overly broad. 7 Wright and Miller, *Federal Practice and Procedure* § 1717 at 466–67. "[T]he injunction can only extend to litigation involving the fund that is the subject matter of the interpleader." *Id.* at 468. In *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 533, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967), the Supreme Court stated that:

"The fact that [plaintiff] properly invoked the interpleader jurisdiction under § 1335 [does] not, however, entitle it to an order . . . enjoining prosecution of suits against it outside the confines of the interpleader proceeding . . .."

The Court declines to enjoin prosecution of claims against Irving asserting breach of fiduciary duties now pending in the state courts.

*Claims of Defendants Against Fidelity and Irving on the Interpleaded Funds Pending in State Court*

Defendants, who are plaintiffs in three actions pending in New York State courts

against Fidelity and/or Irving on the interpleaded funds (hereafter "tour participants"), admit that at some point their claims against the fund should be joined in this action.[2] They contend, however, that their state-court actions against plaintiffs should not be enjoined until after the state courts have had an opportunity to rule on their motions for class-action certification. The tour participants allege that they would have been unable to obtain class-action certification had they brought their actions in this forum because of the Supreme Court's decisions in *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1968) and *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). They state that New York law is more liberal than federal law on certification of class actions and that, as a consequence, they should be allowed to proceed in the state courts with their motions. Plaintiffs' position is that the tour participants can obtain all the relief they seek in this action.

■ This Court has jurisdiction over the interpleader action under 28 U.S.C. § 1335. Each tour participant, in his or her answer, can make a claim against the fund. Further, any claims by tour participants against plaintiffs individually which arise out of the transaction or occurrence that is the subject matter of this suit can be stated as compulsory counterclaims under Rule 13(a). *Liberty National Bank & Trust Co.*

of Oklahoma City v. Acme Tool Division of the Rucker Co., supra*, 540 F.2d at 1379–80. Federal courts have ancillary jurisdiction over claims that are compulsory in nature and no independent basis of jurisdiction need be stated. *Newburger, Loeb & Co., Inc. v. Gross*, 563 F.2d 1057, 1070 (2d Cir. 1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (1978); *Bell v. Nutmeg Airways Corporation, supra*, 66 F.R.D. at 4. Only if a counterclaim is based upon an independent transaction or occurrence and thus permissive in nature, is an independent basis of jurisdiction required. *Newburger, Loeb & Co., Inc., supra*, 563 F.2d at 1070–71; *Bell, supra*, 66 F.R.D. at 4–5. The Court fails to see any prejudice that would result to the tour participants were they required to litigate their claims in the interpleader action.

■ Defendant Capitol International Airways, Inc. ("Capitol") stated at the hearing that one of the claims it asserts in its state-court action is a claim against Irving for the balance of the escrow accounts. Such a claim is properly included in this action. Capitol's allegations that Irving's wrongful actions in administering the escrow accounts should prevent it from being allowed to proceed with the interpleader action are insufficient to trigger the doctrine of unclean hands, should it apply to interpleader actions. See *Royal School Laboratories, Inc. v. Town of Watertown*, 358 F.2d 813, 817 n. 3 (2d Cir. 1966).

Any actions in state court against defendants other than Irving or Fidelity will not

---

**2.** The tour participants argue in their brief that the Court should allow all the actions by tour participants now pending in New York courts to go forward to final judgment. Counsel for the tour participants stated at the hearing that:

"As far as our claim against the bond is concerned, Fidelity bond, we recognize that we should be interpleaded and we recognize the efficiency of this process." Transcript at 23.

If the Court were to grant the tour participants' request and allow actions admittedly affecting the fund to go forward, the purpose behind the interpleader statute would be defeated.

Counsel for the tour participants complains that plaintiffs' decision not to include claimants to a rider to the bond in this action will lead to conflicting decisions on the terms of the bond.

That rider set up a "fund" for four denominated actions by tour participants. It evidences a stake separate from that deposited with the Court in this action. The interpleader statute was not intended to be a "bill of peace" which would resolve all questions remotely connected to the stake. See *State Farm Fire & Casualty Co., supra*, 386 U.S. at 535–37, 87 S.Ct. at 1206–1207.

Finally, the tour participants allege that Fidelity, as a surety, has no right to object to the procedure utilized in actions affecting the bond. Irving has also objected to the procedure suggested by the tour participants. Irving's right to so object has not been challenged. Therefore, the Court need not decide Fidelity's right to object.

be enjoined. See *State Farm Fire & Casualty Co. v. Tashire, supra,* 384 U.S. at 535, 87 S.Ct. at 1206.

In summary, it is hereby ordered that the prosecution of claims against Irving Trust Company and Fidelity and Deposit Company of Maryland on the interpleaded funds in the following actions is restrained pursuant to 28 U.S.C. § 2361: *Richman v. Nationwide Leisure Corp., et al.,* No. 15462/78; *Goodman and Eichenbaum v. Nationwide Leisure Corp., et al.,* No. 16440/78; *Eichenbaum and Goodman v. Nationwide Leisure Corp., et al.,* No. 16441/78; *Capitol International Airways, Inc. v. Irving Trust Co.* (filed January 5, 1979). The claims of B.E.T.A., Inc. and plaintiffs in *Goodman and Eichenbaum v. Nationwide Leisure Corp., et al.,* No. 16440/78 against Irving Trust Company on causes of action independent of claims to the fund, now pending in New York state courts, will not be restrained. Further, the prosecution of any other action affecting the property involved in the interpleader action, except for an action by the United States of America, is hereby restrained. This opinion and order replaces the Court's order of February 16, 1979.

SO ORDERED.