COLECO INDUSTRIES, INC., Plaintiff,

v.

UNIVERSAL CITY STUDIOS, INC., Defendant,

and

Nintendo Co., Ltd. and Nintendo of America, Inc., Additional Defendants to Counterclaim in Interpleader.

84 Civ. 2596 (RWS).

United States District Court, S.D. New York.

June 16, 1986.

---

Wachtell, Lipton, Rosen & Katz, New York City, for defendant; Steven M. Barna, Christopher Paik, of counsel.

Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for Nintendo Co., Ltd.; John J. Kirby, Jr., Thomas G. Gallatin, Jr., Shelley B. O'Neill, Robert J. Gunther, Jr., of counsel.

SWEET, District Judge.

Additional defendants Nintendo Co., Ltd. and Nintendo of America, Inc. ("Nintendo") have moved under Rule 12(b)(6) to dismiss the interpleader complaint brought by defendant Universal City Studios, Inc. ("Universal") in an action brought against Universal by Coleco Industries, Inc. ("Coleco"). For the reasons set forth below, Nintendo's motion is granted and the interpleader complaint is dismissed, although leave is hereby granted to refile the complaint on the conditions described below.

**Prior Proceedings**

The complaint in this action was filed on April 12, 1984, and was assigned to me as related to *Universal City Studios v. Nintendo Co., Ltd. and Nintendo of America, Inc.*, 615 F.Supp. 838 (D.C.N.Y.1985) (the "Universal action"). That action was litigated vigorously and was ultimately resolved at the trial level by the opinions of December 22, 1983 and July 29, 1985, which described the facts and the relationships of the parties. Familiarity with those opinions is assumed.

In the course of the trial of Nintendo's counterclaims in the *Universal* action, a suggestion on the record was made concerning the possibility of consolidation of that case with this action, a suggestion which was not adopted by a representative of Coleco, who was present at the previous trial and by Universal. Nintendo noted the remote possibility of a double recovery against Universal, but took no formal action.

This action which was filed only after Universal's motion for summary judgment in the *Universal* action was denied, lay dormant until judgment was granted on Nintendo's counterclaims in the earlier case. Universal answered the complaint on May 7, 1984 and on February 13, 1986, filed an amended answer which included its complaint in interpleader against Nintendo. Nintendo responded by the instant motion to dismiss on the grounds of laches.

**The Interpleader Complaint**

Universal seeks to protect against a double recovery against it arising out of the payments of $4,680,613, made by Coleco to Universal as a result of the understanding

reached between Coleco and Universal in May, 1982, payments which Coleco now seeks to recoup. Nintendo's counterclaims in the Universal action sought the same funds on the allegation that Universal had misappropriated its rights.

The complaint in the interpleader is facially adequate and is not challenged by Nintendo on that ground, but rather on the grounds that Universal lost its opportunity to make its claim by not asserting it at the time its initial answer was filed, or as soon as a theoretical double recovery became evident, or by not moving to consolidate the actions when the problem was addressed by the court prior to trial in May, 1985.

**The Basis for Dismissal**

■ Both Universal and Nintendo recognize that laches can defeat an interpleader. *See In re Bohart,* 743 F.2d 313, 325 (5th Cir.1984); *Bell v. Nutmeg Airways Corp.,* 66 F.R.D. 1, 4 (D.Conn.1975). Nintendo must show, however, that Universal's alleged delay has resulted in some disadvantage to it in establishing a claimed right or defense. What this means in practical terms was set forth in *Hill v. W. Bruns & Co.,* 498 F.2d 565, 568 (2d Cir.1974) (laches may be applied "where it is impossible or difficult for a defendant to defend because evidence has been destroyed or lost and the defendant thereby prejudiced as a result of the delay in the institution of the action"). *See also Gull Airborne Instruments, Inc. v. Weinberger,* 694 F.2d 838, 844 (D.C.Cir. 1982) (prejudice established where "the defendant may have changed its position in a manner that would not have occurred but for the plaintiff's delay"). Universal maintains that Nintendo will suffer no prejudice if required to defend against a facially sufficient complaint.

■ Given the unusual interplay between the *Nintendo* and *Coleco* actions, Nintendo has adequately established undue prejudice should the interpleader be allowed at this point. Prejudice arises simply from the necessity to defend against an interpleader claim based upon a theory of misappropriation which the court has already held to be inadequate. Having liti-gated the misappropriation claim thoroughly and last, Nintendo should not be compelled to reenter the trial process unless a change in legal conclusions is dictated by the Court of Appeals. The Universal claim of double recovery against Nintendo can result only if Nintendo is successful in reversing this court's dismissal of its misappropriation counterclaim. Under the present state of the law, therefore, Universal's interpleader must be dismissed for failure to raise a case or controversy. *See, e.g., Evans v. Lynn,* 537 F.2d 571, 590–91 (2d Cir.1976). The mere pendency of an appeal does not affect the collateral estoppel or *res judicata* effect of the judgment rendered against Nintendo on its counterclaim. *See Reed v. Allen,* 286 U.S. 191, 199–200, 52 S.Ct. 532, 533–34, 76 L.Ed. 1054 (1932); *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1497–98 (D.C.Cir.1983).

■ While a claim of District Court infallibility would fly in the face of history, nonetheless, it is the duty of the District Court to follow the law of the case, albeit a related case, particularly when the law has been pronounced, at least *pro tem,* by this court. Of course, the dismissal of Nintendo's misappropriation claim is outside the record of this case, but certainly is one principle of law enunciated by this court with which Universal agrees. At this moment, Nintendo has no claim for misappropriation, there is, therefore, no possible double recovery, and no basis in law for the interpleader.

■ Of course, law and the relationship between these parties is not static, and should Nintendo succeed in reversing the dismissal of its misappropriation claim, then Universal will have the basis to renew its interpleader in this action or elsewhere. Though the rights of the parties shift in time as decisions emerge, the state of the law at this moment bars Universal's interpleader complaint.

IT IS SO ORDERED.