TRUCK–A–TUNE, INC., Plaintiff,

v.

Thomas C. RE and Gayle B.
Wilhelm, Defendants.

Civ. No. 5:92CV00471 (TFGD).

United States District Court,
D. Connecticut.

March 30, 1993.

Raymond Fitzgerald, Esq., Butler, Fitzgerald & Potter, New York City, Mark R. Carta, Esq., Whitman, Breed, Abbott & Morgan, Greenwich, CT, for plaintiff.

Stacey Jackson Perkins, Esq., Woodbridge, CT, Stuart A. Jackson, Esq., Thomas Re & Partners, New York City, David D. Legere, Esq., Cummings & Lockwood, Hartford, CT, Robert P. Dolian, Esq., Cummings & Lockwood, Stamford, CT, for defendants.

## RULING ON MOTION FOR PRELIMINARY INJUNCTION

DALY, District Judge.

Truck–A–Tune, Inc., the plaintiff in this interpleader action, moves the Court to order the disposition of property in its possession. The parties appeared at a hearing on the plaintiff's motion for a preliminary injunction on February 4, 1993, and subsequently submitted briefs on the issue of the Court's power to enjoin various actions pending against the plaintiff in Connecticut and New York courts. For the reasons stated below, the Court denies plaintiff's motion and dismisses the action for lack of jurisdiction.

## BACKGROUND

The plaintiff, a Connecticut corporation, brings this interpleader action pursuant to 28 U.S.C. § 1335 to determine proper title to a 1936 Model 540K Mercedes Benz automobile ("Mercedes"), reportedly worth between $2,500,000 and $3,000,000. Gisela von Krieger ("von Krieger"), the original owner of the Mercedes, was a United States citizen who lived in New York and vacationed at the Homestead Inn in Greenwich, Connecticut. Von Krieger stored the Mercedes at the Homestead Inn and continued to pay its monthly storage fees after she moved to Europe in the early 1960's. *See* Compl. at ¶¶ 7–8; Deft.'s Mem. at 6–7. Dr. James Smith, owner of the plaintiff corporation, subsequently bought the Homestead Inn and continued storing the Mercedes under the corporation's auspices.

Von Krieger died intestate in Switzerland on August 1, 1989. *See* Deft.'s Mem., Exh. B. A Swiss probate court then authorized the administrator of her estate ("von Krieger Estate"), Maître Jean Daniel Rumpf ("Rumpf"), to take legal action to recover the Mercedes, and Rumpf subsequently appointed defendant Thomas Ré ("Ré") as his representative for that purpose. *Id.*, Exh. E. Ré brought legal proceedings in New York, and on November 14, 1990 Surrogate Renee R. Roth of the Surrogate's Court in New York County appointed Ré as the ancillary administrator of the von Krieger Estate in New York. *Id.*, Exh. G. On July 24, 1992, following a hearing, the Surrogate Court ordered the plaintiff and its officers to turn over the Mercedes to Ré, and on July 27 that court found that their refusal to do so was improper. *Id.*, Exh. H.

Legal action concerning the Mercedes simultaneously commenced in Connecticut. On July 24, 1992 Gary Taplin, one of plaintiff's employees, filed an affidavit with the Assessor of the Town of Greenwich stating that the plaintiff had possession of the Mer-

cedes and that its owner was deceased. *Id.,* Exh. I at 3. The Assessor then relied upon this information to petition the Connecticut Probate Court for the District of Greenwich for the appointment of a temporary administrator to take possession of the Mercedes, on the ground that no personal property taxes had been paid upon it to the state since 1959. *Id.,* Exh. I at 1–2. The Probate Court appointed defendant Cameron F. Hopper ("Hopper") to represent the von Krieger Estate and directed Hopper to take possession of the Mercedes.[1] Meanwhile, on August 6, 1992 Ré obtained an order from the New York Surrogate Court directing the plaintiff and its representatives to appear on August 11 and show cause why sanctions should not enter against them for failing to deliver the Mercedes to Ré.

On August 10, faced with these apparently contradictory legal commands from the Connecticut and New York courts, the plaintiff brought this interpleader action. The plaintiff's complaint seeks an order requiring the defendants to implead in this action to settle their respective rights to the Mercedes and enjoining each defendant from prosecuting any action against the plaintiff for its failure to turn over the automobile. The plaintiff also seeks a release from any additional liability relating to the Mercedes and asks to recover its reasonable attorneys' fees and costs. Compl. at 5–6. Motions for a temporary restraining order and a preliminary injunction accompanied plaintiff's complaint.

The Court issued the requested restraining order on August 10[2] and held a hearing on the preliminary injunction motion on February 4, 1993, following lengthy, but ultimately unsuccessful, efforts among the parties to resolve their differences. Two days prior to this hearing the defendants both agreed that the Mercedes should be turned over to Wilhelm, *see* Deft.'s Mem., Exh. K at 1–2, and on the day of the hearing Judge David R. Tobin of the Connecticut Probate Court issued an order directing the plaintiff on these terms.[3] *Id.,* Exh. K at 3. At the hearing counsel for the plaintiff agreed to comply with this disposition of the Mercedes but sought to maintain this action on the ground that the plaintiff remains potentially liable to both parties in the pending state court actions. The Court therefore must determine whether to order the plaintiff to transfer the Mercedes to Wilhelm and whether to enjoin either of the defendants from continuing their respective actions in the state courts.

## DISCUSSION

■ Interpleader actions generally proceed in two stages. The first stage involves a determination whether the requirements for an interpleader action are met, and relieving the plaintiff stakeholder from liability. At the second stage the Court adjudicates the adverse claims of the defendant claimants. *See* 3A James W. Moore & Jo D. Lucas, Moore's Federal Practice ¶¶ 22.14[1]–[2] (2d ed. 1992). Bifurcation is not necessary in this case, however, as the defendants have agreed as to the disposition of the Mercedes. The Court therefore may resolve this entire action at one time. *See New York Life Ins. Co. v. Connecticut Development Authority,* 700 F.2d 91, 95 (2d Cir.1983).

■ The Court first considers the issue of subject matter jurisdiction *sua sponte. See Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 40 (2d Cir.1991). The plaintiff brings this interpleader action pursuant to 28

---

1. Ré contested Hopper's appointment, and on September 8, 1992 the Probate Court held a hearing on their competing applications. On October 22 the Probate Court replaced Hopper with Gayle B. Wilhelm ("Wilhelm") as ancillary administrator, *see* Deft.'s Mem., Exh. J, and on October 30 the Court approved the substitution of Wilhelm for Hopper as a defendant in this action. *See* Oct. 30, 1992 Ruling.

2. The order, signed by the Honorable Ellen B. Burns, enjoined the defendants from, *inter alia,* "continuing, instituting, prosecuting or enforcing

any proceeding in any state ... against Truck–A–Tune, its agents, representatives, employees and/or servants affecting and/or relating to the property and *res* involved in this action of interpleader, until further order of this Court." Aug. 10, 1992 Order at 3.

3. By procuring this order from the Connecticut Probate Court, the defendants violated the temporary restraining order issued by this Court on August 10, 1992. *See supra* note 2.

U.S.C. § 1335.[4] Compl. at 2. For a stakeholder to maintain a section 1335 action at least two claimants to the property at issue must be of diverse citizenship, *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31, 87 S.Ct. 1199, 1203–04, 18 L.Ed.2d 270 (1967), and the citizenship of the stakeholder is irrelevant. *See* 28 U.S.C. § 1335(a)(1); *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 70–72, 60 S.Ct. 44, 47–48, 84 L.Ed. 85 (1939). Plaintiff's complaint, however, ignores the fact that for the purpose of both statutory interpleader and general diversity jurisdiction the administrator of an estate has the same citizenship as the decedent. *See* 28 U.S.C. §§ 1332(c)(2), 1335(a)(1). As both defendants claim to be acting on behalf of the von Krieger Estate, and as the decedent was a citizen and resident of New York, diversity jurisdiction under section 1335(a)(1) is lacking.[5]

While the plaintiff's complaint refers only to the interpleader statute, pleadings generally are not to be read narrowly but are to be construed so as to do "substantial justice." Fed.R.Civ.P. 8(f). The Court therefore may assert jurisdiction if the complaint is construed to state an interpleader claim under Rule 22 of the Federal Rules of Civil Procedure.[6] *See Geler v. National Westminster Bank USA*, 763 F.Supp. 722, 727 (S.D.N.Y. 1991); *see also John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir.1953); *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 37 (S.D.N.Y.1992); *Banco de Ponce v. Hinsdale Supermarket Corp.*, 663 F.Supp. 813, 815 (E.D.N.Y.1987). The plaintiff corporation is incorporated under the laws of Connecticut,

it has its principal place of business in Greenwich, Connecticut and therefore is diverse in citizenship from the decedent. As the property in controversy purportedly exceeds $50,-000 in value, the Court may exercise its general diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[7] *See Geler, supra*, 763 F.Supp. at 727 (finding diversity jurisdiction and permitting action under Rule 22 following determination of lack of diversity among defendants pursuant to 28 U.S.C. § 1335).

 An interpleader action under Rule 22 is a suit in equity, and the sole basis for equitable relief to the plaintiff as a stakeholder is the threat of multiple liability or the vexation of conflicting claims. *See Texas v. Florida*, 306 U.S. 398, 406–08, 59 S.Ct. 563, 567–69, 83 L.Ed. 817 (1939); *John, supra*, 141 F.R.D. at 33; *see generally* 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1704 at 501 (2d ed. 1986). As interpleader provides a method to compel adverse claimants to litigate their claims to property in a single proceeding, the burden is on the party seeking interpleader to demonstrate its entitlement to the remedy. *Id.* § 1714 at 583.

 The plaintiff demonstrably has failed to carry its burden in this case. In general, an existing and a prospective claim from separate parties are sufficient to meet the jurisdictional requirement of multiple liability. *See Bell v. Nutmeg Airways Corp.*, 66 F.R.D. 1, 4 (D.Conn.1975) (holding that adversity existed between plaintiff and defendant-claimants despite fact that plaintiff al-

---

**4.** Section 1335(a) states in part:

> The district courts shall have original jurisdiction of any civil action of interpleader ... filed by any person, firm, or corporation, ... having in his or its custody or possession money or property of the value of $500 or more ..., if
> (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property....

**5.** The plaintiff properly filed with the Court a bond of $5,000, thereby meeting an additional jurisdictional requirement of statutory interpleader. *See* 28 U.S.C. § 1335(a)(2). While the bond requirement does not exist in an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 67 permits

parties to deposit property whose ownership is at issue with the Court, or the Court may order a party to make such a deposit, and therefore the Court properly retains the plaintiff's bond. *See A/S Krediit Pank v. Chase Manhattan Bank*, 303 F.2d 648 (2d Cir.1962); *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 33 (S.D.N.Y.1992).

**6.** Rule 22(1) reads in part: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability."

**7.** Although the parties argued the motion before the Court pursuant to 28 U.S.C. § 1335, their arguments remain applicable to an action construed under Rule 22.

leged he was nothing more than stakeholder, as he requested court to enjoin future claims); 3A Moore & Lucas, *supra*, ¶ 22.-08[2]. The threat of future liability cannot be contrived, however, as it was in this case. One of the plaintiff's employees caused the Town of Greenwich to initiate the action in Connecticut Probate Court, and thus whatever future liability the plaintiff may suffer in Connecticut will be the result of its own actions. The Court therefore concludes that no realistic threat of multiple liability exists. Further, the agreement between the defendants as to the disposition of the Mercedes undermines the plaintiff's claim of adversity between the parties. The resolution of the dispute obviates the need to compel the defendants to litigate in this Court. *See New York Life Ins. Co., supra,* 700 F.2d at 95; 3A Moore & Lucas, *supra,* § 22.08[1].

 The evidence of the plaintiff's bad faith in bringing this action also supports the Court's refusal to exercise interpleader jurisdiction. An interpleader action is equitable in nature, and the doctrine of unclean hands can thus bar a stakeholder from successfully invoking it. *See Bell,* 66 F.R.D. at 4. While lack of good faith alone generally is an insufficient basis to dismiss an interpleader complaint, *see* 7 Wright, Miller & Kane, § 1704 at 504, interpleader will not be allowed where it might reward inequitable or improper conduct. *Id.* Such conduct includes any efforts by a stakeholder to develop adverse claims. *See Mallory S.S. Co. v. Thalheim,* 277 F. 196 (2d Cir.1921); *Wasserman v. Fidelity & Deposit Co. of Maryland, Inc.,* 490 F.Supp. 564 (S.D.N.Y.1979). The

plaintiff could have avoided liability simply by complying with the orders of the New York Surrogate Court prior to its June 24, 1992 decision. Instead, the plaintiff made the existence of the Mercedes known to the Assessor of the Town of Greenwich, thereby generating the Connecticut action. *See* Deft.'s Mem., Exh. I. The plaintiff has failed to dissuade the Court that this sequence of events demonstrates the plaintiff's effort to evade the action in New York Surrogate Court.

 Finally, even were the Court to exercise jurisdiction in this interpleader action, an injunction of the state court actions would not be warranted. Rule interpleader actions are subject to the Anti–Injunction Act, 28 U.S.C. § 2283,[8] which is not applicable to statutory interpleader actions. *See* 28 U.S.C. § 2361.[9] The Anti–Injunction Act does not *preclude* the Court from enjoining the defendants from initiating or pursuing an action in state or federal court, if necessary to effectuate a judgment.[10] *See General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 706–07 (7th Cir.1991) (reversing district court injunction based on statutory interpleader, yet advising that court could issue injunction based on Rule 22 on remand); *Geler, supra,* 763 F.Supp. at 727 (S.D.N.Y.1991). An injunction issued in this case, however, would stay a pending state court proceeding in contravention of principles of comity. The plaintiff appealed the decision of Surrogate Roth through the New York state courts, and absent clear evidence to the contrary the plaintiff is best directed to obtain relief

8. Section 2283 provides that:
 A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

9. Section 2361 provides in relevant part:
 In any civil action of interpleader ... under section 1335 of this title, a district court may ... enter its order restraining [the parties] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.
 Section 2361 is inapplicable to actions brought solely under Rule 22. *See, e.g., Cordner v. Metro-*

*politan Life Ins. Co.,* 234 F.Supp. 765, 768 (S.D.N.Y.1964); *see also* 3A Moore & Lucas, *supra,* ¶ 22.13 at 22–122.

10. While it may be more difficult to enjoin state court proceedings when an interpleader action is brought under Rule 22, the Court has the power to issue any order necessary to "effectuate its judgments" if it exerts personal jurisdiction over a defendant. *See* 28 U.S.C. § 2283. Therefore, "the proper accommodation between the policy against enjoining state proceedings and the objectives of rule interpleader is to recognize the federal court's power to issue an order whenever a pending state court action represents a threat to the effectiveness of the interpleader suit or the enforceability of its judgment." 7 Wright, Miller & Kane, *supra,* § 1717 at 616.

through that process.[11] *See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court."); 7 Wright, Miller & Kane, *supra,* § 1704 at 503.

The Court's decision not to exercise interpleader jurisdiction does not preclude an order disposing of the property at issue. *John Hancock Mut. Life Ins. Co. v. Beardslee,* 216 F.2d 457 (7th Cir.1954) ("When the Court decides that interpleader is improper, the proceeding will be dismissed, although if title to the disputed fund or property is clear, the Court may decree its distribution."), *cert. denied,* 348 U.S. 964, 75 S.Ct. 523, 99 L.Ed. 751 (1955); 7 Wright, Miller & Kane, *supra,* ¶ 1714 at 584. While the Court looks askance at an order obtained by the defendants in clear violation of its August 10, 1992 Temporary Restraining Order, *see supra* p. 79 & n. 3, there should be no further delay in disposing of the property of the von Krieger Estate for the benefit of its heirs. Accordingly, the plaintiff is hereby directed to comply with the terms of Judge Tobin's February 4, 1993 Order and deliver the Mercedes to Wilhelm in his capacity as Connecticut representative of the von Krieger Estate.

## CONCLUSION

For the reasons stated above, the plaintiff's motion for a preliminary injunction [# 1] is hereby DENIED and the complaint hereby ORDERED dismissed.

SO ORDERED.

---

**11.** On March 18, 1993 the Appellate Division of the Superior Court of New York affirmed Surrogate Roth's decision. *See Ré v. Truck–A–Tune, et al.,* 191 A.D.2d 327, 595 N.Y.S.2d 48 (1993).