186                          56 Mass. App. Ct. 186 (2002)

National Lumber Company *v.* The Canton Institution for Savings, The Bank of Canton.

NATIONAL LUMBER COMPANY *vs.* THE CANTON INSTITUTION
FOR SAVINGS, THE BANK OF CANTON.

No. 00-P-787.

Norfolk. June 10, 2002. - October 2, 2002.

Present: GREENBERG, MASON, & GREEN, JJ.

*Practice, Civil,* Counterclaim and cross-claim, Failure to raise issue. *Lien. Words,* "Transaction."

A party in an interpleader action by a bank to determine the rights of various
   parties in the proceeds yielded by a foreclosure sale in excess of the
   amount secured by a mortgage was barred from raising its claims in the
   present action by its failure to raise them in a timely fashion as
   counterclaims in the interpleader action, where the counterclaims arose
   from the same transaction and occurrence as the subject matter of the inter-
   pleader action, and were compulsory within the meaning of Mass. R. Civ.
   P. 13 (a). [187-189]

CIVIL ACTION commenced in the Superior Court Department on
March 20, 1997.

The case was heard by *Judith Fabricant,* J., on a motion for
summary judgment.

*Louis J. Caccavaro* (*Mark E. Barnett* with him) for the
plaintiff.

*Jeremy Ritzenberg* for the defendant.

GREEN, J. The defendant bank foreclosed a first mortgage it
held to secure advances under a construction loan, and the
foreclosure sale yielded proceeds in excess of the amount
secured by the mortgage. The bank commenced an interpleader
action to determine the rights of other parties in the surplus and
named, among others, the plaintiff. Despite receiving notice of
the interpleader action, the plaintiff did not file an answer to the
interpleader complaint until after a partial judgment had entered
in that action and substantially all of the surplus had been paid

to another creditor.[1] Thereafter, the plaintiff commenced the instant action, asserting by various claims a secured right, with priority over certain amounts advanced by the bank, to payment for materials supplied to the construction loan borrower. The plaintiff also moved to amend its answer in the interpleader action to assert the same claims as counterclaims in that action. A judge of the Superior Court allowed the bank's motion for summary judgment, dismissing the plaintiff's complaint, and the plaintiff appealed.[2] We affirm.

The motion judge dismissed the plaintiff's complaint on the ground that the plaintiff's mechanic's lien failed to satisfy the requirements of G. L. c. 254, § 2, "for the same reasons that the Appeals Court held the mechanic's lien invalid in *National Lumber Company* v. *Suburban Builders Corp.*, 45 Mass. App. Ct. 1109 (1998)." We do not consider whether the judge's conclusion was correct, or whether (as the bank also argues) the bank may assert the prior determination of the lien validity issue to bar the plaintiff's present claims on principles of issue preclusion, because we agree with the bank that the plaintiff's claims are barred by its failure to raise them in a timely fashion as counterclaims in the interpleader action.[3]

Under Mass.R.Civ.P. 13(a), as amended, 423 Mass. 1405 (1996), a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and requires neither the presence of additional parties nor adjudication in another county or judicial district. Failure to raise a compulsory counterclaim typically bars assertion of the claim in a subsequent action. See *Yentile* v.

---

[1]The foreclosure sale yielded proceeds of $261,000, against an outstanding construction loan balance of $222,645.11. The partial judgment authorized payment of $35,000 to the other creditor, leaving a remaining surplus of $3,345.89. The plaintiff claims $45,159.26.

[2]The plaintiff's motion to amend its answer in the interpleader action was denied as untimely. This appeal concerns solely the dismissal of the plaintiff's separate complaint.

[3]The plaintiff is incorrect in its contention that the bank is precluded, absent a cross appeal, from arguing a basis for the judgment other than that relied on by the motion judge. No cross appeal was necessary; in any event we may affirm the lower court's judgment on any ground supporting it even in instances where a cross appeal would ordinarily be warranted. See *Fay* v. *Federal Natl. Mort. Assn.*, 419 Mass. 782, 789 n.12 (1995).

*Howland*, 26 Mass. App. Ct. 214, 216 (1988). See generally Smith & Zobel, Rules Practice § 13.24 (1974).

For purposes of determining whether a counterclaim is compulsory or permissive, the word "transaction" "should not be construed narrowly or technically, but should be construed in a sense to effectuate the settlement in one proceeding of controversies *so closely connected* as appropriately to be combined in one trial in order to prevent duplication of testimony, to avoid unnecessary expense to the parties and to the public, and to expedite the adjudication of suits." *Volpe Constr. Co.* v. *Trustees of Tufts College*, 1 Mass. App. Ct. 38, 40 (1973), quoting from *Potier* v. *A.W. Perry, Inc.*, 286 Mass. 602, 608 (1934).[4] In the present case, the bank's complaint in interpleader sought to establish the respective lien priorities and rights as among the various parties who might claim an interest in the surplus proceeds from the foreclosure sale. Principles of judicial economy, as well as the avoidance of inconsistent results, suggest that all claims affecting the determination of such rights and priorities be joined in a single action.[5] Contrary to the plaintiff's assertion on appeal, its claims against the bank all rest on a determination of the validity of its lien, and the priority of that lien as against the bank's mortgage and the liens held by other potential claimants. The plaintiff's claims in fact go directly to the determination of which portion of the foreclosure proceeds are "surplus." Indeed, if the plaintiff were allowed to raise its claim to a portion of sale proceeds after a judgment in the interpleader action authorized payment of proceeds to a junior lienor, the bank would be severely prejudiced. The very purpose of interpleader in a context such as this is to sort out the amounts and priorities of competing claims to a fund. We conclude that the counterclaims arise from

---

[4]Both *Volpe* and *Potier* considered the term "transaction" in application of former rule 32 of the Superior Court. However, the Reporter's Notes to the Massachusetts Rules of Civil Procedure state that "[a]pproximately the same meaning should be assigned to the phrase 'transaction or occurrence,' as it appears in Rule 13(a)." Reporter's Notes to Mass.R.Civ.P. 13, Mass. Ann. Laws, Rules of Civil Procedure, at 274 (LexisNexis 2001).

[5]Similar principles are echoed in Mass.R.Civ.P. 12(b)(9), 365 Mass. 754 (1974), which allows dismissal of an action asserting claims that are the subject of a prior pending action, and Mass.R.Civ.P. 19, 365 Mass. 765 (1974), which requires joinder of all parties necessary for a just adjudication.

the same transaction and occurrence as the subject matter of the interpleader action, and that they were compulsory within the meaning of Mass.R.Civ.P. 13(a).[6] The plaintiff is accordingly barred from raising its claims in the present complaint, and the judgment of dismissal is affirmed.[7]

*Judgment affirmed.*

---

[6]While we are aware of no Massachusetts case addressing compulsory counterclaims in the context of an interpleader action, there is substantial Federal authority that rule 13(a) applies to interpleader actions brought under rule 22. See, e.g., *Liberty Natl. Bank & Tr. Co. of Oklahoma City* v. *Acme Tool, Inc.*, 540 F.2d 1375, 1380 (10th Cir. 1976); *New York Life Ins. Co.* v. *Deshotel*, 142 F.3d 873, 881-882 (5th Cir. 1998); *Bell* v. *Nutmeg Airways Corp.*, 66 F.R.D. 1, 4-5 (D. Conn 1975). The Federal cases reject the argument, raised by the plaintiff here, that the neutral stakeholder commencing an interpleader action is not an "opposing party" as that term is used in the first sentence of rule 13(a). See generally 7 Wright, Miller, & Kane, Federal Practice & Procedure § 1715, at 636-637 (3d ed. 2001).

[7]As noted above (see note 1, *supra*), the present appeal does not concern the propriety of the denial, on timeliness grounds, of the plaintiff's motion to amend its answer in the interpleader action to assert the claims asserted in the present complaint. However, contrary to the plaintiff's assertion, the bank's opposition to the plaintiff's motion to add such counterclaims does not render the bank's claim that the counterclaims were compulsory disingenuous; that the counterclaims were compulsory does not compel the bank to acquiesce in their untimely assertion.