Sinnott, J.
The plaintiff in this matter, North Shore Plaza II, Inc. (“North Shore Plaza”), filed this expedited appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A. North Shore Plaza appeals the trial judge’s allowance of a motion by the defendant, Northshore Mall Salon, Inc., d/b/a Dellaria Salon (“Dellaria”), to dismiss North Shore Plaza’s complaint for failure to state a claim for relief under Mass. R. Civ. P., Rule 12 (b) (6) ,[2] The judgment of dismissal was entered on August 23, 2006. The issue is whether the trial judge erred in allowing Dellaria’s motion to dismiss North Shore Plaza’s claim.
We recite the background information because it is essential for an understanding of the circumstances that gave rise to North Shore Plaza’s claim against Dellaria. Dellaria leases space from North Shore Plaza under a commercial lease relating to certain premises located at the Northshore Shopping Center in Peabody, Massachusetts (the “Lease”). At some point in 2002, North Shore Plaza began to do repairs on the roof that covers the entire shopping complex. By the early part of 2003, North Shore Plaza had not completed the repairs on that portion of the roof located above the premises leased by Dellaria. Snow that had accumulated on the roof caused water to leak into Dellaria’s leased premises, which resulted in water damage to the premises.
Dellaria’s insurance carrier, Quincy Mutual Fire Insurance Company (“Quincy Mutual”), paid Dellaria for the loss. On July 22,2005, Quincy Mutual filed a subro-gation action against North Shore Plaza in the Quincy Division of the District Court Department. Quincy Mutual alleged that North Shore Plaza was negligent in both its maintenance of the roof and its failure to complete the roof repair project prior to the winter season.[3] Dellaria was not a party to the action.
*12 Counsel for Quincy Mutual had several subsequent discussions with counsel for North Shore Plaza regarding the subrogation claim. Under Section 16.3 of Article XVI of the Lease, North Shore Plaza and Dellaria had agreed that with respect to any loss that is covered by insurance, the parties’ “respective insurance companies shall have no right of subrogation against the other on account thereof.” North Shore Plaza also asserts that it is an additional insured under Dellaria’s insurance policy with Quincy Mutual, which would preclude Quincy Mutual from recovering against North Shore Plaza in a subrogation action. In March, 2006, counsel for Quincy Mutual agreed to dismiss the subrogation claim against North Shore Plaza.[4] The Quincy District Court entered a judgment of dismissal on April 12, 2006.
In a letter dated April 26, 2006, North Shore Plaza sought reimbursement from Dellaria for the legal fees and costs that it incurred in the action brought by Quincy Mutual. When Dellaria did not respond, North Shore Plaza brought this action against Dellaria in the Boston Municipal Court. Count I of the complaint was a claim for indemnification from Dellaria, and Count II was a breach of contract claim. The trial judge allowed Dellaria’s motion to dismiss the complaint, and North Shore Plaza filed this appeal.
Dellaria’s contention, both before the trial judge on the motion to dismiss the complaint and in its brief before this Appellate Division, is that North Shore Plaza failed to bring a compulsory counterclaim against Dellaria in the subrogation action by Quincy Mutual against North Shore Plaza. The failure to bring the compulsory counterclaim at that time, argues Dellaria, bars North Shore Plaza from bringing this action against Dellaria.
Under Mass. R. Civ. P., Rule 13(a), “[a] pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim. ...” A claim “against an[] opposing party” under the rule is a claim that does not require the presence of additional parties. See National Lumber Co. v. The Canton Inst. for Sav., 56 Mass. App. Ct. 186, 187 (2002) (counterclaim is compulsory if it does not require the presence of additional parties). Thus, a counterclaim “can be lodged only against those entities which are already parties to the action.” Johansen v. United States, 392 F. Supp. 2d 56, 59 (D. Mass. 2005) (discussing analogous Federal Rule). A party who fails to raise a compulsory counterclaim is precluded from asserting the claim in a subsequent action. National Lumber Co. v. The Canton Inst. for Sav., supra.
It is well established that an insurer who pays an insured’s claim under an insurance contract succeeds to any right of action that the insured may have against the party who was allegedly responsible for the loss. See Liberty Mutual Ins. Co. v. National Consolidated Warehouses, Inc., 34 Mass. App. Ct. 293, 296 (1993). An insurer who has paid the insured for the entire loss may bring an action as a subrogee on behalf of the insured against the third party whose conduct resulted in the loss. Id. As a subrogee, the insurer “stands in the shoes of the subrogor in whose name the action is brought.” Id. at 297.
Quincy Mutual’s action against North Shore Plaza was a subrogation action. Quincy Mutual sought to recover the money that it had paid to Dellaria for losses incurred by Dellaria as a result of North Shore Plaza’s alleged negligence. Quincy *13 Mutual stood in the shoes of Dellaria, its insured, but that fact alone is not enough to make Dellaria a party to the action. Even though Quincy Mutual stated in the body of its complaint against North Shore Plaza that it was bringing the action as Dellaria’s subrogee, Dellaria was not listed as a plaintiff in the caption of the complaint
In addition, Quincy Mutual stated in its complaint and statement of damages that it was seeking to recover $13,953.44, which was the amount that it had paid to Dellaria. Quincy Mutual did not claim that it was seeking to recover Dellaria’s deductible. Nor did Dellaria make any independent demand for judgment or prayer for relief against North Shore Plaza in the subrogation action.
Because Dellaria was not an opposing party in the action brought by Quincy Mutual against North Shore Plaza, any claim by North Shore Plaza against Dellaria would not have been compulsory under Mass. R. Civ. P., Rule 13(a). See National Lumber Co. v. The Canton Inst. for San, supra. If North Shore Plaza sought to join Dellaria as a party to the Quincy Mutual action, a possible vehicle for such a claim might have been Mass. R. Civ. P., Rule 14(a), which allows a defendant to serve a complaint upon a party who may be liable to the defendant in connection with the plaintiff’s claim against the defendant.[5] Rule 14(a) expressly provides that “a defending party, as a third-party plaintiff, may ... cause a summons and complaint to be served upon a [potentially liable third party].” (emphasis added).
Although procedurally North Shore was not required to bring a third-party claim against Dellaria in the subrogation action, its decision not to do so was disingenuous, especially when considering that after Quincy Mutual had dismissed the subrogation claim against North Shore Plaza around April 12, 2006, North Shore Plaza immediately brought an action against Dellaria, the subrogee, on claims arising from the same transaction as the subject matter of the Quincy Mutual claim against North Shore Plaza. However, despite the inequities and less than admirable conduct on the part of North Shore, we must reverse the trial judge’s order of August 23, 2006 allowing Dellaria’s motion to dismiss and remand the matter back to the trial court.

 Dellaria’s motion to dismiss in the trial court also cited to Mass. R. Civ. R, Rule 12(b) (1), lack of subject matter jurisdiction. The trial judge allowed the motion to dismiss without specifying whether he was relying on Mass. R. Civ. R, Rule 12(b)(1) or Mass. R. Civ. R, Rule 12(b)(6). The parties have not made any argument about Mass R. Civ. R, Rule 12(b) (1) in their briefs, and our decision is based only on the standard for dismissal under Mass R. Civ. R, Rule 12(b) (6).

 Under Section 13.1 of Article XIII of the Lease, it was North Shore Plaza’s duty “to keep in good order, condition, and repair the roof, foundations and structural portions of the demised premises....”

 It is not clear from the record whether the dismissal was based on the subrogation waiver in the Lease or North Shore Plaza’s alleged status as an additional insured under Dellaria’s insurance policy with Quincy Mutual. The unsigned Stipulation of Dismissal of Action pursuant to Rule 41(a) (1) (ii) does not specify, and the insurance policy is not part of the record on appeal.

 Under Mass. R. Civ. P., Rule 13(h), persons who are not parties to the original action “may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.” Because North Shore Plaza did not bring a counterclaim against Quincy Mutual in the subrogation action, there was no counterclaim to which Dellaria could have been made a party pursuant to Mass. R. Civ. P. Rule 13(h).