NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1407

U.S. BANK TRUST NATIONAL ASSOCIATION, trustee,[1]

vs.

KATHERINE M. MOORE, trustee,[2] & another.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Katherine M. Moore, trustee of the 76 Stafford Circle Nominee Trust (Stafford Trust), appeals from a judgment allocating surplus proceeds following a foreclosure sale, claiming that a Superior Court judge erred by denying the Stafford Trust's requests for attorney's fees.  We affirm.

Background.  After a foreclosure sale in July 2022 of a property in Dennis Port, the holder of the first mortgage, plaintiff U.S. Bank Trust National Association, as trustee for

_____

[1] Of the Chalet Series IV Trust.

[2] Of the 76 Stafford Circle Nominee Trust.

[3] The Bank of New York Mellon formerly known as the Bank of New York, successor indenture trustee for CWABS Revolving Home Equity Loan Trust, Series 2004-D.

the Chalet Series IV Trust (U.S. Bank), credited itself from the sale proceeds all charges, expenses of foreclosure, and payment of the outstanding balance. U.S. Bank was then holding $313,956.88 in surplus proceeds. At the time of the foreclosure, the record owner of the property was the Stafford Trust, and the holder of a second mortgage on the property was Bank of New York Mellon (BNY Mellon), as successor indenture trustee for CWABS Revolving Home Equity Loan Trust, Series 2004-D.

Pursuant to Mass. R. Civ. P. 22, 365 Mass. 767 (1974), U.S. Bank filed this interpleader action in Superior Court against Stafford Trust and BNY Mellon, seeking to allocate the surplus funds among the parties. U.S. Bank filed a motion for an award of its attorney's fees to be deducted from the surplus funds. Both Stafford Trust and BNY Mellon opposed U.S. Bank's request for attorney's fees. Stafford Trust filed a motion, not supported by affidavit, for its own attorney's fees in the amount of $4,400.

On March 27, 2023,[4] a Superior Court judge (first judge) denied U.S. Bank's motion for attorney's fees, finding that "litigation was unnecessary" because "there were no disputes and no competing claims" between Stafford Trust and BNY Mellon as to

---

[4] The first judge's order is dated March 27, 2022, which the parties acknowledge "is clearly a scrivener's error."

2

the amounts to which each was entitled.[5]  The first judge found that counsel for U.S. Bank "manufactured a conflict among the lienholders where one did not exist for the purpose of filing an [i]nterpleader action which, if successful[,] could have awarded costs to his client for bringing the action."  The first judge allowed Stafford Trust's motion for attorney's fees and ordered that its counsel file a supporting affidavit, noting, "[t]he court will thereafter decide the amount of fees and costs to be awarded to Stafford [Trust]'s counsel."  Stafford Trust's counsel filed an affidavit setting forth the amount of its attorney's fees, now in the amount of $7,500, which U.S. Bank opposed.  U.S. Bank also moved for reconsideration of the denial of its own motion for attorney's fees, which the first judge denied.

On August 4, 2023, more than one year after U.S. Bank had received its share of the proceeds, the parties filed a joint motion seeking release of the surplus funds, to Stafford Trust in the amount of $233,987.32 and to BNY Mellon in the amount of $79,969.56.  Paragraph nine of the joint motion noted that the parties' request to treat as final the first judge's March 27,

---

[5] The judge noted that counsel for U.S. Bank had acknowledged in an e-mail message that the amount of the surplus funds due to BNY Mellon was not in dispute, but U.S. Bank would nonetheless file an interpleader action to seek determination of the amount by the court.

2023, order was "subject to the Court's determination regarding the award/amount of attorney's fees due to Stafford Trust." Another Superior Court judge (second judge) allowed the joint motion, allocating the surplus funds between Stafford Trust and BNY Mellon in the amounts proposed by the parties.

Stafford Trust filed an affidavit of counsel seeking attorney's fees, now in the amount of $14,100. After additional briefing by both U.S. Bank and Stafford Trust, the second judge ruled: "Stafford Trust's motion for attorney's fees is DENIED. To the extent U.S. Bank seeks any further attorney's fees that request is DENIED. The distribution will be as set forth in this Court's 8/11/23 Order." Stafford Trust moved to reconsider, pointing out that the first judge had allowed its previous motion for attorney's fees, subject to computation of the amount. After further briefing by both parties, the second judge denied Stafford Trust's motion to reconsider, ruling, "Denied. I have reviewed the entire file. I decline to award attorney's fees. The parties reserved that to me in para. 9 of the joint motion." Judgment entered as proposed in the joint motion. Stafford Trust now appeals and claims error in the second judge's orders denying its requests for attorney's fees.

Discussion. Attorney's fees. Stafford Trust argues that the first judge allowed its motion for attorney's fees, and

4

therefore the second judge was without authority to decline to award fees.  We are not persuaded.

In Stafford Trust's motion for attorney's fees and costs and in its supporting memorandum of law, it did not cite to any statute or rule authorizing the first judge to award fees to a defendant in an interpleader action.  Rather, Stafford Trust argued that U.S. Bank had improperly sought its own attorney's fees in the unnecessary interpleader action.

"The purpose of interpleader 'is to sort out the amounts and priorities of competing claims to a fund.'"  UBS Fin. Servs., Inc. v. Aliberti, 483 Mass. 396, 415 (2019), quoting National Lumber Co. v. Canton Inst. for Sav., 56 Mass. App. Ct. 186, 188 (2002).  See Murphy v. Wachovia Bank of Del., N.A., 88 Mass. App. Ct. 9, 12 (2015) ("Generally, a mortgagee must give a mortgagor any surplus generated at a foreclosure sale" [citation omitted]).  A judge has discretion to award attorney's fees to the plaintiff in an interpleader action.  See Chartrand v. Chartrand, 295 Mass. 293, 297 (1936).  See also Ferber Co. v. Ondrick, 310 F.2d 462, 467 (1st Cir. 1962), cert. denied, 373 U.S. 911 (1963) ("An interpleader fee is usually awarded out of the fund to compensate a totally disinterested stakeholder who had been, by reason of the possession of the fund, subjected to conflicting claims through no fault of its own" [footnote omitted]).  However, we are aware of no case holding that a

5

judge has discretion to award fees to a defendant in an interpleader action.

Even assuming for the sake of argument that Stafford Trust could be considered a prevailing party here, we would follow the "American rule" that, absent an applicable fee-shifting statute, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser" (citation omitted). Sutton v. Jordan's Furniture, Inc., 493 Mass. 728, 744 (2024). We thus discern no abuse of discretion in the second judge's denial of Stafford Trust's motion for fees. As the second judge pointed out, the parties submitted that issue to him in paragraph nine of their joint motion.

Stafford Trust contends that the first judge's allowance of its motion for attorney's fees was "akin to a determination" that U.S. Bank's filing of the interpleader action was "wholly insubstantial, frivolous and not advanced in good faith," G. L. c. 231, § 6F. However, Stafford Trust's motion for attorney's fees and costs and supporting memorandum of law did not cite § 6F. Nor did the first judge cite § 6F in her order on Stafford Trust's motion. In those circumstances, we decline to consider in the first instance whether Stafford Trust would have been entitled to attorney's fees under § 6F.[6]

---

[6] While we will not require an award of fees under the circumstances, we note that we share the first judge's concern

Nor did the fact that the first judge allowed Stafford Trust's motion for attorney's fees -- but did not determine their amount -- preclude the second judge from denying fees. Where one judge has previously decided an issue in a motion decision, "a second judge does have the power to rule differently from the first judge . . . in order to reach a just result." Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass. App. Ct. 585, 593 (2007), quoting Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 554 (1987). Stafford Trust does not argue that the second judge was unaware that the first judge had already allowed its motion for attorney's fees and costs. Contrast Caputo v. Moulton, 102 Mass. App. Ct. 251, 263 (2023) (remanding for determination whether judge denied attorney's

---

regarding U.S. Bank's handling of the surplus proceeds from the foreclosure sale. Where the only two parties with a claim on the proceeds were in agreement as to what each was owed, it is remarkable that U.S. Bank did not distribute those proceeds for over a year.

fees because trust document did not authorize them, or amount was unreasonable).

Judgment affirmed.

By the Court (Sacks,
  Englander & Grant, JJ.[7]),

Clerk

Entered:  November 13, 2024.

---

[7] The panelists are listed in order of seniority.